[Civ. No. 8830.   Third Dist.   Apr. 19, 1955.]

COUNTY OF SACRAMENTO, Petitioner, v. JAMES H. HASTINGS, as County Auditor, etc., et al., Respondents.

J. Francis O'Shea, District Attorney, John B. Heinrich, Supervising Deputy District Attorney, and Hugh A. Evans, Deputy District Attorney, for Petitioner.

Robert W. Cole, Public Defender, and Floyd Gibbert, Assistant Public Defender, for Respondents.

SCHOTTKY, J.—The county of Sacramento, by and through its county executive, has filed in this court a petition for writ of mandate to compel respondent county auditor to issue and pay a number of warrants for certain employees of the county engineer's office. It is alleged that said employees were required to and did perform certain standby and extra work to meet any and all emergencies that might arise in an unforeseen manner, and which would be emergencies within and affecting any one of the sewer, water, and/or storm drain districts in the county of Sacramento; that said services were performed under and authorized by Ordinance No. 482 of the county of Sacramento; and the petition alleges further that respondent county auditor has refused to issue said warrants. The petition alleges as the reason for filing the petition in this court that the public interest requires a speedy determination of the matter.

Respondent county auditor has filed an opposition to said petition in which he contends that the petition should have been filed in the superior court, and further that the claims are illegal because said Ordinance No. 482 authorizing them is contrary to the provisions of the charter of the county of Sacramento.

The rules with reference to original proceedings in reviewing courts require: "(1) If the petition might lawfully have been made to a lower court in the first instance, it shall set forth the circumstances which, in the opinion of the petitioner, render it proper that the writ should issue originally from the reviewing court." It was never intended that such applications should be filed in an appellate court unless there was some good reason why it should not be filed in the superior court, and we are unable to find in the instant proceeding any such emergency as would justify this court in exercising its original jurisdiction. There is no good reason why this matter should not be presented to the Superior Court of Sacramento County. Said court, by reason of its being located in the state capital, has frequent occasion to hear applications for writs against public officials. If it be contended that there might be additional delay because of an appeal being taken, we quote the following language of Mr. Chief Justice Gibson in *Phelan* v. *Superior Court*, 35 Cal. 2d 363, at page 370 [217 P.2d 951]:

"Where, however, as here, there is a right to an immediate review by appeal, that remedy is almost as speedy as a writ proceeding, under present practice, and should be considered

adequate unless petitioner can show some special reason why it is rendered inadequate by the particular circumstances of his case.''

It is not the policy of this court to encourage the institution of original proceedings in this court when such proceedings could as well have been instituted in the superior court of the county where the controversy arose.

The application for writ of mandate is denied without prejudice to the right of petitioner to file a similar petition in the superior court.

Van Dyke, P. J., and Peek, J., concurred.