[Civ. No. 28698. Second Dist., Div. Two. Jan. 7, 1965.]

COUNTY OF LOS ANGELES et al., Petitioners, v. GORDON T. NESVIG, as Clerk of the Board of Supervisors, etc., Respondent.

Harold W. Kennedy, County Counsel, George W. Wakefield, Chief Assistant County Counsel, Joel R. Bennett and William J. Birney, Deputy County Counsel, O'Melveny & Myers, James W. Beebe, Howard J. Deards, Donald R. Hodgman, Mitchell, Silberberg & Knupp, Mendell Silberberg, Edwin Rubin and James Jennings for Petitioners.

Knapp, Gill, Hibbert & Stevens and Joseph C. Gill for Respondent.

FLEMING, J.—Original proceeding for writ of mandate. Petitioners seek to compel the Clerk of the Board of Supervisors of the County of Los Angeles to publish a notice, pursuant to Government Code, section 25351.3, subdivision (c), inviting bids on a lease theretofore authorized by the board of supervisors.

The proposed transaction consists essentially of a lease

and lease-back of county property which will serve as a financing device for the construction of the Los Angeles County-Hollywood Museum. The lease, lease-back arrangement will operate in the following manner:

The county is the owner of real property across from the Hollywood Bowl on which the Los Angeles County-Hollywood Museum is to be built. Petitioner Hollywood Museum Lease Corporation is a nonprofit corporation organized to provide facilities for a motion picture and television museum. Pursuant to Government Code, sections 25351.3, 25351.4 and 25371, under a lease and lease-back contract the county will lease this property for $1.00 to the successful bidder (presumably but not necessarily Hollywood Museum Lease Corporation), who will then build the Los Angeles County-Hollywood Museum in accordance with plans and specifications drafted and approved by the county, and on completion of construction lease back the property to the county for 30 years at a rental to be determined by the bidding. At the end of the lease period title to the museum will vest in the county.

The completed museum will not be operated by the county but rather by petitioner Hollywood Museum, another nonprofit corporation, with whom the county has entered a contract covering the management and operation of the museum for a period of 40 years, subject to specified controls retained by the county.

Petitioners contend that an original petition for mandate in this court is proper for two reasons: (a) The suit raises an important question of public law, whether the lease, lease-back method of financing is available for the construction of such nonmandatory public facilities as motion picture and television museums; (b) speed of decision is essential in that county property is lying idle and county funds are being expended without return of revenue.

We do not agree with petitioners that these reasons are sufficient cause to bypass the court of general jurisdiction by filing an original proceeding in this court. While mandamus is a proper remedy to require a public officer such as the clerk of the Board of Supervisors to perform a ministerial act (Code Civ. Proc., § 1085; *City of Palm Springs* v. *Ringwald*, 52 Cal.2d 620 [342 P.2d 898]), it is not the policy of this court to entertain original proceedings when such proceedings could as well have been instituted in the superior court. As set forth by Mr. Justice Schottky in

*County of Sacramento* v. *Hastings,* 132 Cal.App.2d 419, 420-421 [282 P.2d 100]: "It was never intended that such applications should be filed in an appellate court unless there was some good reason why it should not be filed in the superior court, and we are unable to find in the instant proceeding any such emergency as would justify this court in exercising its original jurisdiction. There is no good reason why this matter should not be presented to the Superior Court of Sacramento County. Said court, by reason of its being located in the state capital, has frequent occasion to hear applications for writs against public officials. If it be contended that there might be additional delay because of an appeal being taken, we quote the following language of Mr. Chief Justice Gibson in *Phelan* v. *Superior Court,* 35 Cal.2d 363, at page 370 [217 P.2d 951]:

" 'Where, however, as here, there is a right to an immediate review by appeal, that remedy is almost as speedy as a writ proceeding, under present practice, and should be considered adequate unless petitioner can show some special reason why it is rendered inadequate by the particular circumstances of his case.' "

█ Orderly judicial administration likewise demands that petitions for writs of mandate be presented in the first instance to courts of original jurisdiction. Such suits are ordinarily suitably publicized in the immediate locality concerned with the issues raised by the suit. Taxpayers and other interested parties may intervene in the proceedings in economical and expeditious fashion. A hearing in the trial court permits the litigation to develop in more flexible fashion than is customarily possible in an appellate court.

In a similar case decided this day by this court, *County of Los Angeles* v. *Nesvig, post,* p. 603 [41 Cal.Rptr. 918] (the *Music Center* case) we did grant an original petition for a writ of mandate. But in the *Music Center* case the principal petitioner had previously obtained a judgment of the superior court sustaining the validity of the contracts at issue. In that case construction of the Music Center was half completed and a substantial part of the project in actual operation. Finally a main tenant of the Music Center, the Los Angeles Civic Light Opera Association, was awaiting early completion of the entire project in order to effectively operate. In the present case there has been no such prior adjudication, no such partial construction, and no such actual operation, either in being or projected for the immediate future.

Exceptional circumstances not having been shown, the alternative writ is discharged and the writ of mandate denied, without prejudice to the right of petitioners to refile in the superior court.

Herndon, Acting P. J., and Kincaid, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.