[Civ. No. 1043.   Fifth Dist.   Nov. 7, 1968.]

JEROME COHEN, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents; ATWOOD AVIATION, INC. et al., Real Parties in Interest.

David S. Averbuck for Petitioner.

Ralph B. Jordan, County Counsel, and Dennis N. Reid, Deputy County Counsel, for Respondents.

Wall & Byrum and Stephen E. Wall for Real Parties in Interest.

CONLEY, P. J.—This is an original petition filed in this court to require C. Seldon Morley, as Agricultural Commissioner of the County of Kern, to exhibit documents filed in his office and to require the Superior Court of Kern County to set aside an injunction heretofore granted by it in a case pending in the County of Kern entitled Atwood Aviation, Inc., a corporation; Garriott Crop Dusting Co., Inc., a corporation; Arvinair Crop Dusters, on behalf of themselves and all other members of the Kern County Agricultural Chemical Association, an unincorporated association v. C. Seldon Morley [incorrectly stated to be Seldon C. Morley], in his capacity as Agricultural Commissioner of the County of Kern, State of California, No. 103595; in that case, which, in form, is entirely separate from the present proceeding, the Superior Court of Kern County issued a temporary restraining order, still pending, forbidding Mr. Morley, as commissioner, from exhibiting the documents which are involved in the present application for a writ of mandate. We have come to the conclusion, after considering all of the factors in this proceeding, that we should presently refuse to pass upon the issues involved, without prejudice to the commencement of a proceeding of this kind in the trial court. The Kern County Superior Court at all times has had first call on the legal questions involved here under the basic judicial structure of California. There is also involved the injunction suit above referred to in which the petitioner here, Mr. Jerome Cohen, is not a party. The witnesses, who are acquainted with the factors in the litigation, are for the most part residents of Kern County, and the potential exhibits are readily available to the trial court and counsel there.

In 3 Witkin, California Procedure (1954) Extraordinary Writs, section 9, page 2472, it is said: "It has been repeatedly stated that the issuance of certiorari, prohibition or mandamus is not a matter of right, nor governed entirely by fixed rules, but is, to a large extent, within the 'sound' or 'wise' discretion of the court. This theory is heavily relied upon as a basis for *denial* of a writ, and is invoked most commonly in *mandamus* cases. (Citing authorities.)" Later in the same section at page 2473, it is said: "Although the nature of the appellate court's discretion to grant or withhold relief on an original application is the same as that of the superior court, i.e., it is a judicial discretion, there are two additional areas for its exercise: (1) The limiting rule of policy, requiring application first to a lower court, may be enforced or relaxed on a satisfactory showing, and this closely approaches an uncontrolled discretion. (See supra, § 8.) (2) Where an original application is denied by a district court of appeal, the remedy of the aggrieved party is not a new application for a writ but a petition for hearing in the Supreme Court. The granting of such a petition is, of course, wholly discretionary, for it depends upon the existence of important questions of law or conflicts of decision, rather than upon the merits of the petitioner's case."

*County of Sacramento* v. *Hastings,* 132 Cal.App.2d 419, 420 [282 P.2d 100], holds: "The rules with reference to original proceedings in reviewing courts require: '(1) If the petition might lawfully have been made to a lower court in the first instance, it shall set forth the circumstances which, in the opinion of the petitioner, render it proper that the writ should issue originally from the reviewing court.' It was never intended that such applications should be filed in an appellate court unless there was some good reason why it should not be filed in the superior court, and we are unable to find in the instant proceeding any such emergency as would justify this court in exercising its original jurisdiction. There is no good reason why this matter should not be presented to the Superior Court of Sacramento County. Said court, by reason of its being located in the state capital, has frequent occasion to hear applications for writs against public officials." Later the opinion states at page 421: ▉ "It is not the policy of this court to encourage the institution of original proceedings in this court when such proceedings could as well have been instituted in the superior court of the county where the controversy arose."

This same rule has been insisted upon by other Courts of

Appeal in California. For example, in *Koehn* v. *State Board of Equalization*, 166 Cal.App.2d 109, 118 [333 P.2d 125], the Court of Appeal of the First Appellate District says: "It has been the policy of both the Supreme Court and the District Courts of Appeal not to encourage original proceedings before it unless there are exceptional circumstances present. (See 3 Witkin's California Procedure, p. 2470.) "

And in *County of Los Angeles* v. *Nesvig*, 231 Cal.App.2d 600, 601 [41 Cal.Rptr. 916], the Court of Appeal, Second Appellate District, makes the same comment: "While mandamus is a proper remedy to require a public officer such as the clerk of the Board of Supervisors to perform a ministerial act (citations), it is not the policy of this court to entertain original proceedings when such proceedings could as well have been instituted in the superior court."

Some of the reasons for the rule are set forth later in the opinion at page 602 as follows: "Orderly judicial administration likewise demands that petitions for writs of mandate be presented in the first instance to courts of original jurisdiction. Such suits are ordinarily suitably publicized in the immediate locality concerned with the issues raised by the suit. Taxpayers and other interested parties may intervene in the proceedings in economical and expeditious fashion. A hearing in the trial court permits the litigation to develop in more flexible fashion than is customarily possible in an appellate court."

The "Petition for Alternative and Peremptory Writ of Mandate" alleges that the petitioner, Jerome Cohen, is a resident of Kern County and is general counsel for the United Farm Workers Organizing Committee, AFL-CIO, a labor organization concerned with the well being of its member farm workers; that C. Seldon Morley is, and at all times herein mentioned has been, the Agricultural Commissioner of the County of Kern and custodian of the records hereinafter discussed; that the real parties in interest are specifically named persons who are in the business of applying and supplying agricultural chemicals including "fertilizers and insecticides upon or for use upon growing crops and grapes in the County of Kern, State of California." The petition then quotes section 1227 of the Government Code which provides: "The public records and other matters in the office of any officer, except as otherwise provided, are at all times during office hours open to inspection of any citizen of the state," and also quotes section 1892 of the Code of Civil Procedure:

"Every citizen has a right to inspect and take a copy of any public writing of this state except as otherwise expressly provided by statute."

Section 1888 of the Code of Civil Procedure, quoted in the petition, states: "*Public writings are*: (1) The written acts or records of the acts of the sovereign authority, of official bodies and tribunals, and of public officers, legislative, judicial, and executive, whether of this state, of the United States, of a sister state, or of a foreign country; (2) Public records, kept in this state, of private writings."

Section 1894 of the Code of Civil Procedure provides in part as follows: "Public writings are divided into four classes: . . . (3) Other official documents; (4) Public records kept in this state, of private writings." The petition thereupon cites section 2001 et seq. of the Agricultural Code providing for the setting up of a county department of agriculture and stating the administrative duties of the county agricultural commissioner, particularly with regard to supervision of the application of economic poisons as provided in section 11401 et seq. of the Agricultural Code. The petition continues by saying that petitioner made demand on Mr. Morley on August 20, 1968, to view the records including the reports made by the applicators of insecticides, and that Mr. Morley refused to permit the inspection and has continued to do so at all times including August 22, 1968, when another demand was made and refused.

The petition next refers to action No. 103595 of the Superior Court of the County of Kern by which the real parties in interest brought suit and secured a temporary restraining order preventing the disclosure to anybody of the reports relative to the application of poisons previously referred to. The petition continues:

## XVIII

"Petitioner has no speedy, plain and adequate remedy in the ordinary course of law in that money damages is not an adequate remedy and cannot inform petitioner of the facts contained in the above-mentioned records, and said records are not available by any other adequate means than from Respondent SELDON C. MORLEY. Further, that petitioner has no plain, speedy, and adequate remedy in the ordinary course of law in that the Respondent Superior Court of Kern County, Judge J. Kelly Steele has demonstrated his bias and prejudice in the above-mentioned matter.

## XIX

"This application is made to this Court in the first instance rather than to the Superior Court of the County of Kern, State of California, for the following reasons: (1) that pursuant to Rule 56 (a)(1), petitioner alleges that the general public and farm workers may be in immediate danger by the use of said pesticides, and (2) the Superior Court of Kern County, by granting the above mentioned temporary restraining order has demonstrated its bias and prejudice in this matter."

In the prayer, petitioner asks that the temporary restraining order in the injunction case referred to in the petition be ordered dismissed or that the superior court show cause why it has not done so, that an alternative writ of mandate should command the agricultural commissioner to permit Mr. Cohen to inspect the pest control operator reports or to show cause why he has not done so, and that this court issue a peremptory writ of mandate commanding respondent Superior Court of Kern County to dismiss the said temporary restraining order and commanding the agricultural commissioner to permit petitioner to inspect the pest control operator reports, for costs and such other relief as to the court seems just and proper.

It appears to us that this proceeding, on the grounds set forth herein, demonstrates reasons why an appellate court should not usurp the duties of the trial courts in our system of jurisprudence. This court is requested, among other things, to interfere directly and vitally in another suit pending in Kern County in which the petitioner here is not a party. This, of course, we could not do. With respect to factual proof, this court would be restricted to a consideration of the affidavits filed by the respective parties, but it is quite evident that potentially at least there may have to be multiple showings of additional facts in order that a court may do justice. There is no extraordinary reason why the appellate court rather than the trial court should make these inquiries initially. Paragraph XIX of the petition quoted above to the effect that the general public and particularly the farm workers are in immediate danger through the use of pesticides is not a propositon universally accepted, and because one of the judges of the Superior Court of Kern County has seen fit to grant a temporary restraining order on the basis of allegedly inadequate points and authorities does not demonstrate bias and prejudice of the court.

In a document entitled "Statement of Facts Opposing Petition and Points and Authorities Opposing Petition" there is included an affidavit by Thomas C. Griffin, president and chief executive of Southern Valley Chemical Co., Inc., a California corporation, and a member of the Kern County Agricultural Chemical Association, who states various alleged facts in opposition to the petition for a writ of mandate. The real parties in interest filed an answer to the petition and set forth separately various affirmative defenses. The respondent C. Seldon Morley filed "Commissioner Morley's Return to (Amended) Petition for Writs of Mandate, and to Real Parties in Interest's Opposition to Said (Amended) Petition."

It appears tentatively from the various documents filed by the several parties that the agricultural commissioner is not only presently opposed to exhibiting to petitioner the various documents, the inspection of which is sought by petitioner, but that he is prevented by injunctive process in the separate case referred to heretofore from exhibiting the documents. He apparently is not in full accord with the real parties in interest, although presently taking their side of the debate. The real parties in interest advance several grounds of opposition to the present petition, including the question of confidentiality; they say that the reports which they have made to Mr. Morley have been characterized by his personal promise to observe confidentiality and that this is also the general attitude of the Department of Agriculture of the State of California.

Another major question raised by the real parties in interest is whether or not there are "trade secrets" protected by law in the reports. The question of danger to the general laboring groups through the anonymous use of poisons in spraying grapes and other agricultural growths is injected basically by the petitioner. Recent legislation is also involved as to its effect and its constitutionality. The solution of the questions presented by the documents filed in this court by the parties will best be effected at the trial court level.

Exceptional circumstances justifying an original determination of the questions involved by the appellate court not having been shown, the writ of mandate is denied, without prejudice, however, to the right of petitioner to seek a solution of the questions involved and the enforcement of the right, if any, of petitioner in the superior court.

Gargano, J., concurred.