[L.A. No. 30631. Nov. 29, 1976.]

In re the Marriage of ANN T. and EDGAR R. SKELLEY.
ANN T. SKELLEY, Appellant, v.
EDGAR R. SKELLEY, Respondent.

COUNSEL

Swarner & Fitzgerald, Edward L. Mackey and Margaret L. Woodbury for Appellant.

Hennigan, Butterwick & Clepper and Michael H. Clepper for Respondent.

OPINION

CLARK, J.—Appellant wife in a dissolution action appeals from a superior court order reducing temporary spousal support and denying attorney's fees and costs. Because the Court of Appeal—relying upon *In re Marriage of Harbach* (1975) 49 Cal.App.3d 405, 407 [122 Cal.Rptr. 518]—granted respondent husband's motion to dismiss the appeal, we granted petition for hearing.

Wife moved to increase her $1,000 support to $1,200 a month. Husband moved to reduce support to $600 per month. The trial court ordered $750 per month and an advance against the wife's share of the community property. She appealed.

Former Code of Civil Procedure section 963 provided that an appeal could be taken from a "final judgment" and from certain orders, including specified interlocutory orders. The section did not include an order granting or modifying temporary support. New section 904.1, enacted in 1968, deletes the word "final" and reorganizes the provisions relating to orders.[1] Although the new section also fails to deal specifically with temporary support orders, such appeals have long been authorized.

---

[1]Section 904.1 provides: "An appeal may be taken from a superior court in the following cases: [¶] (a) From a judgment, except (1) an interlocutory judgment, other than as provided in subdivisions (h), (i) and (j), (2) a judgment of contempt which is made final and conclusive by Section 1222, or (3) a judgment on appeal from a municipal court or a justice court or a small claims court. [¶] (b) From an order made after a judgment made appealable by subdivision (a). [¶] (c) From an order granting a motion to quash service of summons or granting a motion to stay or dismiss the action on the ground of inconvenient forum. [¶] (d) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict. [¶] (e) From an order discharging or refusing to discharge an attachment. [¶] (f) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction. [¶] (g) From an order appointing a receiver. [¶] (h) From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage

■ When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. (*Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1, 9 [118 Cal.Rptr. 21, 529 P.2d 53], and cases cited therein; see also *Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 119 [199 P.2d 668] and cases cited therein; Lukens, *The Collateral Order Doctrine in California* (1963) 15 Hastings L.J. 105; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 38, 39, pp. 4052-4053.) This constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding. (See *Fish* v. *Fish* (1932) 216 Cal. 14, 16 [13 P.2d 375]; *Stockton* v. *Rattner* (1972) 22 Cal.App.3d 965, 968 [99 Cal.Rptr. 787], and cases cited therein; 6 Witkin, Cal. Procedure, *supra,* Appeal, §§ 38, 39, pp. 4052-4053.)

■ Historically, this court has looked to the substance of an order pendente lite rather than to chronology or to form, and has held temporary support orders directly appealable. (*Sarracino* v. *Superior Court, supra,* 13 Cal.3d 1, 9; *Greene* v. *Superior Court* (1961) 55 Cal.2d 403, 405 [10 Cal.Rptr. 817, 359 P.2d 249]; *Lincoln* v. *Superior Court* (1943) 22 Cal.2d 304, 310 [139 P.2d 13]; *Fish* v. *Fish, supra,* 216 Cal. 14, 16; *White* v. *White* (1890) 86 Cal. 212, 213 [24 P. 1030]; *Sharon* v. *Sharon* (1885) 67 Cal. 185, 195 [7 P. 456, 635, 8 P. 709].)

In *Sharon* v. *Sharon, supra,* 67 Cal. 185, we first recognized that an order for payment of spousal support and attorney's fees possesses the essential elements of a final judgment and is therefore appealable. The rationale developed in *Sharon* is pertinent today. There, we stated: "If the order for the payment of alimony and counsel fees is in the nature of a final judgment, it is appealable. It certainly possesses all the essential elements of a final judgment. Nothing remained to be done except to enforce it, and for that purpose an execution might issue and be proceeded on, as if the judgment had been rendered in an ordinary action for the recovery of a specific sum of money. Although the pendency of an action for divorce constituted the basis of the order, it was no part of the relief demanded by the plaintiff in her complaint. She might at any time during the pendency of the action have applied to the

---

thereof, or a lien thereon, determining such right to redeem and directing an accounting. [¶] (i) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made. [¶] (j) From an interlocutory judgment of dissolution of marriage. [¶] (k( From an order or decree made appealable by the provisions of the Probate Code."

court for such an order. And if granted it would not be affected by subsequent proceedings in the action. Its validity would not depend in any way on the result of the action. If the court had afterward found that the marriage relation never existed between the parties, that would not have affected the order for the payment of *temporary* alimony. It would have afforded good ground for vacating it. It was to all intents and purposes, 'a final judgment entered in an action.' " (At pp. 195-196.)

■ An order for support is operative from the moment of pronouncement. And a final judgment excluding future support does not preclude recovery of all money due under a prior temporary support order. (*Millar* v. *Millar* (1917) 175 Cal. 797, 809-810 [167 P. 394]; see also *Solomon* v. *Solomon* (1953) 118 Cal.App.2d 149, 155-156 [257 P.2d 760], and cases cited therein; 6 Witkin, Summary of Cal. Law (8th ed. 1974) Husband and Wife, § 59, p. 4927.) In addition, the retroactive effect of any modification or revocation of support is limited to the date of filing the notice of motion or order to show cause, or any date subsequent thereto. (Civ. Code, § 4801.)

■ When the Legislature enacted Code of Civil Procedure section 904.1, it utilized language virtually identical to former section 963, reflecting approval of the *Sharon* rule. ■ "[W]here a statute that has been construed by the courts is reenacted in the same or substantially the same terms, the Legislature is presumed to be familiar with that construction and to have adopted it as part of the law . . . ." (*Mattern* v. *Carberry* (1960) 186 Cal.App.2d 570, 573 [9 Cal.Rptr. 137]; see also *County of Los Angeles* v. *Frisbie* (1942) 19 Cal.2d 634, 645 [122 P.2d 526]; 45 Cal.Jur.2d (1958) Statutes, § 124, p. 633.)

■ Indeed, the only alteration in the statute germane to this case was elimination of the qualifying word "final" (Code Civ. Proc., § 904.1, subd. (a)), revealing legislative approval of direct appeal from judicial action final in effect, however labelled.

■ Review via prerogative writ is therefore inappropriate in the present case. Where, as here, a right to immediate review by appeal exists, that remedy is adequate in the absence of special circumstance. (*Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 370 [217 P.2d 951]; *People* v. *Superior Court* (1956) 140 Cal.App.2d 510, 511 [295 P.2d 464]; *County of Sacramento* v. *Hastings* (1955) 132 Cal.App.2d 419, 420 [282 P.2d 100].) We find no circumstance here warranting detour from the avenue of direct appeal.

Holding that an order denying petitioner's request for temporary support and attorney's fees is nonappealable, the *Harbach* court declared that appropriate review is available via extraordinary writ or upon appeal from the interlocutory or final dissolution decree. Contrary statements by this court and Courts of Appeal were deemed not controlling because "[t]hey present no rationale nor authority supporting a conclusion that the instant order should in fact be appealable." (*In re Marriage of Harbach, supra,* 49 Cal.App.3d at p. 407.) This court was not petitioned for hearing in *Harbach.*

The *Harbach* court failed to consider *Sharon v. Sharon, supra,* 67 Cal. 185, *White v. White, supra,* 86 Cal. 212, or *Fish v. Fish, supra,* 216 Cal. 14—all upholding review of support orders pendente lite by direct appeal. *Harbach* is disapproved insofar as it is inconsistent with the views expressed herein.

This court is not unmindful of the monumental workload of the Courts of Appeal. However, 90 years of judicial approval and recent legislative affirmation tell us judicial economy cannot be invoked to outweigh the right of appeal for those subject to an order tantamount to a final judgment.

The motion to dismiss the appeal is denied.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.