[Civ. No. 42411. First Dist., Div. Three. Aug. 24, 1978.]

In re the Marriage of SUZANNE D. and EDWIN B. PEARCE II.
EDWIN B. PEARCE II, Appellant, v.
SUZANNE D. PEARCE, Respondent.

222

**COUNSEL**

Mancuso & Mancuso and P. John Mancuso for Appellant.

Nino & Filice and William G. Filice for Respondent.

**OPINION**

**WHITE, P. J.**—In open court at a hearing held on August 11, 1976, at which both parties were present and represented by counsel, the trial court made an order for child support. On our own motion we ordered the record on appeal augmented to include the minutes of the hearing on that date before the Honorable Edward L. Brady. The minutes conclude: "Whereupon the Court makes its Order: Child support shall be paid to respondent [former wife] in the amount of $150/mo each child." There is no direction in the minutes that either counsel prepare an order. A formal order modifying interlocutory judgment of dissolution was signed and filed October 20, 1976.

A dispute arose as to when husband's obligation to pay the child support arose. Respondent former wife took the position the child support commenced as of the hearing. Appellant former husband argued that it commenced on October 20, 1976, when the formal order was entered. On March 3, 1977, the court filed its order which provides in pertinent part: "The Court finds that Judge Brady's order of August 11, 1976 ordering [Appellant] to pay $150.00 per month as and for child support was effective as of the time it was made and uttered in [Appellant's] presence and that such support is due at the end of 30 days following the date of the order and monthly thereafter. . . ."

 From the order of March 3, 1977, former husband appeals, contending that his obligation to pay child support did not commence until October 20, 1976.

*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 369 [134 Cal.Rptr. 197, 556 P.2d 297], states: "An order for support is operative from the moment of pronouncement." While the order in *Skelley* was made with respect to spousal support, in view of a child's substantive right to both temporary and permanent support (see Representing Clients in Spousal and Child Support Proceedings (Cont.Ed.Bar 1978) pp. 75-76), the *Skelley* language is equally appropriate to the instant appeal.

Respondent wife seeks an award of attorney's fees to be recovered from appellant in connection with this appeal. (Civ. Code, § 4370.) ■ She is not required to impair her capital in order to finance marital dissolution litigation. (*In re Marriage of Borson* (1974) 37 Cal.App.3d 632, 639 [112 Cal.Rptr. 432].) " 'The request for such fees is a matter which should ordinarily be addressed to the trial court, and we are of the view that the general rule should be followed here. [Citations.] Under the record presented upon this appeal we are unable to say whether the trial court could or should award attorney's fees.' [Citation.]" (*In re Marriage of Wall* (1973) 30 Cal.App.3d 1042, 1050 [106 Cal.Rptr. 690].)

Order affirmed. Cause remanded for proceedings consistent with the instructions contained herein.

Feinberg, J., and Halvonik, J., concurred.

A petition for a rehearing was denied September 22, 1978, and appellant's petition for a hearing by the Supreme Court was denied October 18, 1978.