Filed 12/8/14  Marriage of Vivian CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of CHERYL and THOMAS VIVIAN. | H040293 (San Benito County Super. Ct. No. FL1300018) |
| CHERYL E. VIVIAN, Respondent, v. THOMAS J. VIVIAN, Appellant. | |

## I.  INTRODUCTION

Appellant Thomas J. Vivian and respondent Cheryl E. Vivian were married for more than 22 years.[1]  In 2013, Cheryl filed a petition for dissolution of marriage.  At issue in the present appeal is the trial court's order denying Thomas's claim for reimbursement pursuant to Family Code section 2640.  Thomas contends that the order should be reversed because the trial court erred in determining that he did not make contributions of separate property to the acquisition of the parties' community property house.

---

[1] For purposes of clarity and not of disrespect, we will refer to the parties by their first names.  (See *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn. 1.)

For the reasons stated below, we determine that the order is nonappealable. We will therefore dismiss the appeal without reaching the merits.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, Cheryl filed a petition for dissolution of marriage. In May 2013, Thomas filed a request for an order determining that he was entitled to reimbursement for the more than $300,000 his parents had contributed to the acquisition of the community property house. Thomas claimed that the contribution was an advance on his inheritance from his parents and that it was therefore a contribution of his separate property. Thomas further contended that, because his separate property claim exceeded the equity in the house, he should be awarded the house. Cheryl filed a responsive declaration in which she "disagree[d] that the equity in the property [was] approximately equal to [Thomas's] separate property contributions to acquire the property."

At a hearing on Thomas's request, the trial court indicated that the reimbursement issue would be bifurcated from other issues and that the reimbursement issue would be set for trial. The parties subsequently filed briefs in which they disputed whether the amounts contributed by Thomas's parents for the acquisition of the house constituted a separate property contribution by Thomas for which he was entitled to reimbursement.

On August 30, 2013, an evidentiary hearing was held regarding Thomas's claim. The minutes of the proceeding reflect that no court reporter was present. The minutes also reflect that Thomas, Cheryl, and Thomas's parents testified; that several exhibits were admitted into evidence; that the court heard argument from counsel; and that the matter was taken under submission. The matter was continued to September 12, 2013.

On September 12, 2013, the trial court orally announced its tentative decision to deny Thomas's request. After hearing argument from counsel, the court indicated that its final decision was to deny Thomas's request. The court further indicated that Cheryl was to prepare an order after hearing.

2

On October 22, 2013, the order after hearing was filed. In the order, the trial court states: "Based on the documentary evidence submitted by the parties, the testimony of [Thomas], [Thomas's] parents and [Cheryl], written points, authorities and argument submitted by counsel for each party, and the oral argument of counsel (further heard on September 12, 2013), the court finds[] that [Thomas's] parents' gifts associated with acquisition of the parties' community property house were intended and completed gifts to both parties, [Cheryl] as well as [Thomas]; and that [Thomas] failed to show by a preponderance of the evidence that he had separate property funds or interests, created by gift or otherwise, which were contributed to the acquisition of the community property house[.] [¶] THEREFORE, . . . [Thomas's] claims for reimbursement pursuant to Family Code [s]ection 2640 are denied."

### III. DISCUSSION

Thomas contends that the trial court's order should be reversed because the court erred in determining that he did not make separate property contributions to the acquisition of the community property house and that he was therefore not entitled to reimbursement under Family Code section 2640. Thomas argues that the order is appealable as a "collateral order which made a final determination concerning his [Family Code section] 2640 claims."

Cheryl contends, among other arguments, that the order is not appealable as a collateral order, and that Thomas failed to obtain from the trial court a certificate of probable cause for appeal pursuant to California Rules of Court, rule 5.392. Cheryl states, however, that she does not object to treating the appeal as an extraordinary writ.

In reply, Thomas contends that the trial court issued a final order on the issue of his Family Code section 2640 claims and that the order is therefore appealable. Thomas states that he, too, "would not object to the court treating the appeal as an extraordinary writ."

3

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. Thus, this court is obligated to review the question of appealability. [Citations.]" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292.) "[I]f the order or judgment is not appealable, the appeal must be dismissed. [Citation.]" (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.)

An "exception to the 'one final judgment' rule codified in Code of Civil Procedure section 904.1 is the so-called collateral order doctrine. Where the trial court's ruling on a collateral issue 'is substantially the same as a final judgment in an independent proceeding' (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [(*Skelley*)]), in that it leaves the court no further action to take on 'a matter which . . . is severable from the general subject of the litigation' [citation], an appeal will lie from that collateral order even though other matters in the case remain to be determined. [Citation.]" (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561 (*Lester*).)

"Over 50 years ago, our Supreme Court stated the minimum conditions for the appealability of a collateral order: 'It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him.' (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119 . . . ; accord, . . . *Skelley*, *supra*, 18 Cal.3d at p. 368; . . .) However, in *Meehan v. Hopps* (1955) 45 Cal.2d 213 . . . , the Supreme Court appeared to some later courts to have held otherwise. [Citations.]" (*Lester*, *supra*, 84 Cal.App.4th at pp. 561-562.) " 'The majority view is that an appealable "collateral" judgment or order must direct the *payment of money* or *performance of an act*. [Citations.]' [Citation.]" (*Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1545 (*Koshak*).) This court has followed the majority view. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 76 (*Mercury Interactive*).)

A temporary support order is an example of an appealable collateral order that requires the payment of money or the performance of an act. (See, e.g., *In re Marriage of*

4

*Gruen* (2011) 191 Cal.App.4th 627, 637-638; see also *In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119 [pendente lite attorney's fees order is appealable where nothing remains for judicial determination except compliance with its terms].) Similarly, a restitution order in a receivership case requiring payment by a certain date was found to be "final and collateral, and therefore . . . appealable." (*Koshak*, *supra*, 200 Cal.App.4th at p. 1546.)

In the present case, the order denying Thomas's request for reimbursement under Family Code section 2640 did not direct the payment of money or the performance of an act. The order simply denied Thomas's request that he be reimbursed. Accordingly, the order is not appealable under the collateral order doctrine. (*Skelley*, *supra*, 18 Cal.3d at p. 368; *Mercury Interactive*, *supra*, 158 Cal.App.4th at p. 76; *Lester*, *supra*, 84 Cal.App.4th at pp. 561-562.)

Further, we decline to exercise our discretion to treat the appeal as an extraordinary writ. The California Supreme Court has instructed that while an appeal from a nonappealable order may be treated as a petition for writ of mandate, "we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) We find no unusual circumstances here that would justify reaching the merits though a mandate proceeding. (*Ibid*.)

Lastly, even assuming the order is appealable, or even if we exercised our discretion to treat the appeal as an extraordinary writ, the record on appeal is inadequate to assess Thomas's assertion that the trial court incorrectly determined from the evidence that he did not make separate property contributions to the acquisition of the house.

The appellant "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) Thus, where the appellant fails to

5

provide an adequate record as to any issue the appellant has raised on appeal, the issue must be resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

In this case, there is no reporter's transcript or settled statement reflecting the oral proceedings of August 30, 2013. The minutes from the August 30, 2013 evidentiary hearing reflect that Thomas, Cheryl, and Thomas's parents testified. The trial court indicated at the September 12, 2013 further hearing (for which a reporter's transcript is contained within the record on appeal), and in its order denying Thomas's request for reimbursement, that it relied, at least in part, on witness testimony in reaching its determination to deny Thomas's request for reimbursement. We further observe that during the September 12, 2013 hearing, Thomas's counsel expressed disagreement with the court regarding (a) the substance of one of the witness's testimony concerning whether the contribution was given to Thomas and Cheryl, and (b) whether that testimony conflicted with the documentary evidence.

In sum, the challenged order is nonappealable, and we decline to treat the appeal as an extraordinary writ. Our determination does not preclude Thomas from challenging the order in a future appeal to the extent the issue is appropriately raised in an appeal from an appealable judgment or order.

## IV. DISPOSITION

The appeal is dismissed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.