Filed 12/15/14  Marriage of Bustillo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of KARI and TODD BUSTILLO. <br><br> KARI BUSTILLO, <br><br>      Respondent, <br><br>                  v. <br><br> TODD BUSTILLO, <br><br>      Appellant. | G048816 <br><br> (Super. Ct. No. 09D010394) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Lon F. Hurwitz, Judge.  Motion to dismiss the appeal granted; sanctions motion denied.

Todd C. Bustillo, in pro. per., for Appellant.

Michel & Rhyne and Karen Rhyne for Respondent.

*          *          *

Todd Bustillo (Todd) appeals from the trial court's May 11, 2012, order requiring him to pay $5,000 in attorney fees to respondent Kari Bustillo (Kari).[1]  Kari filed a motion to dismiss the appeal and also moved for sanctions against Todd for pursuing a frivolous appeal.  We grant Kari's motion to dismiss the appeal, but decline to award sanctions.

I

FACTUAL AND PROCEDURAL BACKGROUND

The parties married in October 2004 and separated in October 2009.  The trial court entered the judgment of dissolution and the division of property and debts on April 8, 2011.   Kari filed a motion in July 2011 to set aside the judgment, claiming Todd failed to disclose assets, but the trial court denied the motion, which we upheld on appeal. (*Bustillo v. Bustillo* (May 3, 2013, G046725) [nonpub. opn.].)

The proceedings continued on reserved issues, and in May 2012 the trial court granted Kari's motion for attorney fees.  Both Todd and Kari were represented by counsel.   The court noted the fee request pertained "to the ability to adjudicate the child custody, visitation issues, child support issues and . . . unadjudicated assets . . ." at the upcoming hearing.   The court explained the Family Code provides for fee awards to ensure each party has access to legal representation.  Based on a disparity of income in which Kari had monthly income of $400 and no assets, and Todd earned about $8,000 a month and had $4,500 in the bank, the trial court ordered Todd to pay $5,000 directly to Kari's counsel as a share of Kari's attorney fees.

The trial court's minute order states:  "Pursuant to [Family Code] 2030 and 2032, the court orders the respondent pay attorney fees to petitioner's attorney in the amount of $5,000.00 subject to further adjudication and determination at the time of

---

[1]      "As is customary in family law proceedings, we refer to the parties by their first names for purposes of clarity and not out of disrespect." (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn.1)

Trial. Respondent shall pay the sum of $2,500.00 forthwith, $1,000.00 by 5/31/12, and $1,500.00 by 6/15/12. To the extent evidence is presented, the court may make adjustments as to this attorney award at the time of Trial."

The court did not order either party to prepare a notice of ruling. Nevertheless, a year later in May 2013, Todd wrote the court a letter enclosing an original and two copies of a document he entitled, "Findings and Order After Hearing." He wrote: "Petitioner's attorneys, The Law Offices of Michel and Rhyne, were to prepare a formal order. Pursuant to California Rules of Court, Rules 3.1312(a), the order was to be prepared within five (5) days of the hearing. I did not receive one from them. Pursuant to California Rules of Court, Rules 3.1312(d), if the prevailing party fails to prepare and submit a formal order, the other party may do so." Todd stated he served the proposed order on Kari's counsel on April 28, 2013, but received no response from her attorneys.

The court on July 19, 2013, filed Todd's Findings and Order After Hearing, which restated in an attachment the court's May 2012 fee order. Todd then filed on August 2, 2013, a notice of appeal from "[a]n order after judgment," namely the trial court's entry of his Findings and Order After Hearing.

Kari subsequently filed a motion to dismiss the appeal as untimely and to award sanctions, which Todd opposes.

II

DISCUSSION

A. *A Pendente Lite Family Law Attorney Fee Order Is Separately Appealable*

Kari contends Todd may not appeal the July 2013 order after hearing that incorporated the original May 2012 minute order because the latter is an interim order for attorney fees and therefore lacks finality. Kari focuses on the July 2013 order, insisting it is not final because it states attorney fees are "subject to further adjudication and determination at the time of Trial" and "[t]o the extent evidence is presented, the court

3

may make adjustments as to this attorney award at the time of Trial." But the logic of her position also applies to the May 2012 order. Todd claims the May 2012 order was not final because it included similar language, justifying his decision not to appeal that order. He justifies his appeal of the July 2013 order after hearing because it apparently postdated the resolution of *some* reserved issues, though the July 2013 order did not mention or adjudicate those issues, but instead referred only to the May 2012 fee award.

Neither party is correct. The May 2012 fee award was appealable at the time it was entered. "When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. (Citations.) This constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding. (Citations.)" (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.) "Thus, a direct appeal lies from a pendente lite attorney fees order where nothing remains for judicial determination except the issue of compliance or noncompliance with its terms." (*In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119; see Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2014) [¶][¶] 16:268 to 16:269, pp. 16-85 to 16-87.)

The fallacy of the parties' mirror-image positions is reflected in the purpose of an interim attorney fee award, which is to enable litigation with equal access to representation. A fee award becomes final when the court directs payment. A contrary rule would defeat the statutory purpose of the award. Thus, the language of the award noting that attorney fees were "subject to further adjudication and determination" and that the court could "make adjustments" in awarding attorney fees did not render the award nonfinal and nonappealable. To the contrary, consistent with the purpose of interim attorney fees, this language simply recognized the trial court reserved authority to make further attorney fee orders. But the May 2012 order was final and appealable because it

4

directed Todd without qualification to pay fees by a deadline.  In relevant part, the May 2012 fee award required Todd to pay $5,000 in fees according to a fixed schedule, and it was therefore final and appealable.

B.      *Timeliness*

California Rules of Court, rule 8.104(a) specifies the deadline for filing a notice of appeal:  the earliest of 60 days after service of notice of entry of judgment or 180 days after the judgment.  (All further rules references are to the Rules of Court.)  Rule 8.104(c)(2) provides:  "The entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes.  But if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed; a written order prepared under rule 3.1312 or similar local rule is not such an order prepared by direction of a minute order."

As Kari points out, neither the attorney fee award the trial court entered by minute order on May 11, 2012, nor the reporter's transcript of the fee hearing show the court asked either party to provide notice after the hearing.  Thus, the window for Todd's notice of appeal opened on May 11, 2012, and closed 180 days later on November 7, 2012.  Todd, however, filed his notice of appeal on August 2, 2013, well beyond the time allotted.

As noted, we reject Todd's argument that the fee order was not final or appealable "because it was subject to additional judicial determination."  Rather, the order was immediately appealable because nothing remained for judicial determination except whether Todd would comply with its terms.

Todd notes that because Kari did not prepare a notice of ruling as the prevailing party on her fee motion, he was entitled to do so.  (Rule 3.1312(a), (d).)  But filing the notice a year *after* entry of the order did not authorize an appeal at that late date.  To the contrary, rule 8.104(c)(2) sets a firm outside time limit of 180 days to file an

5

appeal. The exception Todd proposes for appeal following a notice of ruling filed more than 180 days after entry of the order would swallow the 180-day rule, and no authority supports Todd's suggestion. Consequently, Todd's appeal is untimely and must be dismissed for lack of jurisdiction.

## C.     Sanctions

Although the appeal is untimely, sanctions are not warranted. "An appeal taken for an improper motive represents a time-consuming and disruptive use of the judicial process. Similarly, an appeal taken despite the fact that no reasonable attorney could have thought it meritorious ties up judicial resources and diverts attention from the already burdensome volume of work at the appellate courts. Thus, an appeal should be held to be frivolous only when it is prosecuted for an improper motive — to harass the respondent or delay the effect of an adverse judgment — or when it indisputably has no merit — when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

Kari argues the appeal's untimeliness reflects an improper motive and a pattern of harassment through unmeritorious litigation. She includes in that pattern Todd's earlier writ petition from the same fee order, which this court denied in a summary disposition (G049291) and another untimely appeal from an unsuccessful request for an order to correct clerical mistakes in another ruling (G048538). But an appeal challenging the same fee order challenged by an unsuccessful writ furnishes no grounds for sanctions where the party reasonably may infer the writ was dismissed precisely because an appeal was the proper avenue to seek relief. And whatever the merits or lack thereof in Todd's earlier untimely appeal of a different order, dismissal here furnishes no grounds for sanctions where the *respondent* in challenging the present appeal makes the same mistake concerning appealability as Todd, as discussed.

Presumably respondent and appellant both erred in good faith and, in any event, mere legal mistakes are not grounds for sanctions.

## III.

## DISPOSITION

The motion to dismiss the appeal is granted, but the request for sanctions for filing a frivolous appeal is denied.  Respondent shall recover her costs on appeal.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.