Filed 5/20/25  Marriage of Dolkhani and Izadpanahi CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| In re Marriage of NAHID H. DOLKHANI and KOUROSH IZADPANAHI. | B336871<br><br>(Los Angeles County Super. Ct. No. 18CHFL02540) |
| NAHID H. DOLKHANI,<br><br>        Respondent,<br><br>        v.<br><br>KOUROSH IZADPANAHI,<br><br>        Appellant. |  |

        APPEAL from an order of the Superior Court of Los Angeles County, Sarah J. Heidel, Judge.  Affirmed.

        Kourosh Izadpanahi, in pro. per., for Appellant.

        No appearance for Respondent.

_____

In this marital dissolution proceeding, Kourosh Izadpanahi appeals from the family court's order denying his request for $75,000 in attorneys' fees pursuant to Family Code section 2030.[1] Izadpanahi contends the court abused its discretion in refusing to award attorneys' fees because the court failed to make findings concerning the parties' disparity of access to funds and whether Izadpanahi was able to pay for legal representation of both parties. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Dissolution Petition and Stipulated Judgment[2]*

Izadpanahi and Nahid H. Dolkhani were married in September 2005 and had one child together in December 2010. In 2014 Dolkhani filed a request for dissolution of the marriage. The parties agreed to a stipulated judgment in 2017, but before the family court entered the judgment, the parties attempted to reconcile. The case was dismissed without prejudice.

In 2018 Dolkhani filed a new petition for dissolution of the marriage as well as a request for order (RFO) seeking entry of the 2017 stipulated judgment. Izadpanahi objected to entry of the stipulated judgment, arguing it was no longer binding. The family court disagreed, and on September 30, 2021 it entered a judgment of dissolution incorporating the terms of the stipulated

---

[1]     Further statutory references are to the Family Code.

[2]     Our discussion of the factual and procedural history between 2014 and 2022 is taken from *In re Marriage of Dolkhani and Izadpanahi* (Jan. 20, 2023, B314257) (nonpub. opn.).

2

judgment.[3]  Izadpanahi appealed from the judgment, and we affirmed.  (*In re Marriage of Dolkhani and Izadpanahi* (Jan. 20, 2023, B314257) [nonpub. opn.]).

B.    *Izadpanahi's First RFO for Attorneys' Fees*

On January 28, 2022 Izadpanahi filed an RFO requesting $20,000 in attorneys' fees, accompanied by an income and expense declaration and the declaration of his attorney, Joseph Land.[4]  Land stated Izadpanahi had incurred approximately $5,000 in fees, and Land estimated Izadpanahi would incur an additional $20,000 in fees going forward.  Land attached as an exhibit to his declaration his billing statements for November and December 2021, which showed fees of approximately $4,000 during that time frame.  Dolkhani opposed the RFO.

On March 17, 2022 the family court denied the RFO after a hearing, finding Izadpanahi's income and expense declaration did not provide sufficient information to show a disparity of access to funds.

---

[3]    The family court ordered Dolkhani to submit a proposed judgment to Izadpanahi for review and thereafter to submit it to the court for entry.  This process took almost three months due to Izadpanahi's refusal to cooperate.  The court imposed sanctions on Izadpanahi pursuant to section 271, and Izadpanahi appealed.  We reduced the amount of the sanctions to conform to the evidence and affirmed the sanctions order as modified.  (*In re Marriage of Dolkhani and Izadpanahi* (Mar. 8, 2023, B317763) [nonpub. opn.]).

[4]    The RFO is not in the record on appeal.

C.    *Izadpanahi's Second RFO for Attorneys' Fees*

On July 27, 2022 Izadpanahi filed a second RFO for attorneys' fees, along with an income and expense declaration and a supporting declaration of his new attorney, Debra Kay.[5]  In her declaration, Kay requested $50,000 in attorneys' fees, although she acknowledged $25,000 would be "a reasonable sum to be awarded."  Kay stated, without explanation, that $30,000 of the fees sought were for work done by prior attorneys in the case.  Kay attached her July 2022 billing statement that reflected $5,600 in fees billed during that time frame.  Kay anticipated that Izadpanahi would incur additional fees to take the deposition of Dolkhani and to conduct further discovery.

On October 24, 2022 the family court denied the RFO, stating at the hearing that the requested fees were not reasonable.  The court noted the majority of fees sought were for the work of prior counsel.  Further, Izadpanahi had been "extremely unreasonable in the way that he's litigated this case," causing unnecessary hearings and expenses.

D.    *Izadpanahi's Third RFO for Attorneys' Fees* (*This Appeal*)

On July 6, 2023 Izadpanahi, representing himself, filed a third RFO for attorneys' fees, seeking $75,000 in fees.  A form attachment to the RFO stated Izadpanahi was seeking $60,000 for "attorney's fees and costs incurred from the beginning of representation" until the date of the RFO, plus $15,000 in attorneys' fees and costs for "limited scope representation."  Izadpanahi acknowledged in his declaration in support of the RFO that the family court had denied his prior requests for attorneys' fees, and with respect to the last RFO, the court denied

---

[5]    This RFO is likewise not in the record on appeal.

4

his request on the basis he had been unreasonable in how he had litigated the case. However, Izadpanahi argued he had not engaged in that type of conduct since the court imposed sanctions in 2021, and the fees he was seeking were reasonable. He also pointed out that he was not requesting attorneys' fees for the two-month period from July to September 2022, during which the sanctionable conduct occurred.

Izadpanahi attached to his declaration billing statements from three law firms: (1) approximately $15,000 billed by MNB Law Group, Inc. for the period from April to August 2021; (2) approximately $7,000 billed by Land Legal Group, APC between December 2021 and June 2022; and (3) approximately $11,000 billed by Kay between August and December 2022.

In her responsive declaration, Dolkhani (represented by counsel) argued Izadpanahi's fee requests were duplicative of his prior requests, and he continued to overlitigate the case by filing RFO's and conducting discovery on issues that had been adjudicated. In his reply declaration, Izadpanahi stated as to Dolkhani's contention that his requests for attorneys' fees had been litigated, it was "not worthy of consideration." Izadpanahi argued instead that the family court had failed to make findings mandated by section 2030, and therefore, "the matter remains open."

On November 7, 2023 the family court held a hearing on the third RFO. The court recounted Izadpanahi's two prior RFO's for attorneys' fees and the reasons for the court's denials of the requests. Turning to the current request, the court found the MNB Law Group fees for the period from April through August 2021 were barred by the stipulated judgment entered on September 30, 2021, which stated each party was to bear its own

5

fees. Further, the fees requested for Land Legal Group and Debra Kay (for the period from December 2021 to June 2022 and August to December 2022) were for services "that [had] already been denied" and were "entirely duplicative of all the fees requested previously." The court observed that to the extent Izadpanahi was arguing the court should have made findings for the denials of the two prior RFO's, his "remedy would [have been] either a motion for a reconsideration or an appeal [from] those orders, which hasn't happened." The court added that it had reviewed the prior requests to "make sure that I understood where all of this $75,000 was coming from. And . . . all of it was covered by prior orders."

Izadpanahi continued to argue that the family court had failed to make adequate findings on the prior two RFO's under section 2030. The court again found Izadpanahi had exhibited a pattern of unreasonably litigating the case, providing as an example that Izadpanahi had filed five RFO's or ex parte applications during a two-week period in 2021. The court explained, "[T]he nature of that rapid fire number of filings in that short amount of time suggests that the case is being over-litigated." At the end of the hearing the court denied the third RFO. On February 1, 2024 the court entered its findings and order after hearing, denying Izadpanahi's third RFO for attorneys' fees and finding the requests were "duplicative of previous requests in that they pertain to the services of previously retained counsel," which requests had been denied. Izadpanahi timely appealed.

# DISCUSSION

## A. *Governing Law and Standard of Review*

"The purpose of an attorney fees award in a marital dissolution proceeding is to provide, as necessary, one of the parties with funds adequate to properly litigate the matter." (*In re Marriage of Bendetti* (2013) 214 Cal.App.4th 863, 868 (*Bendetti*); accord, *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 974-975.) Sections 2030 and 2032 govern an award of need-based attorneys' fees and costs. Section 2030, subdivision (a)(1), provides: "In a proceeding for dissolution of marriage . . . the court shall ensure that each party has access to legal representation . . . to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party . . . to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

Section 2030, subdivision (a)(2), states, "When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." "The court must make explicit findings on the issues listed in section 2030, subdivision (a)(2)." (*In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 393 (*Hearn*); accord, *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050.)

7

Section 2032, subdivision (a), further requires the family court to consider whether the award is "just and reasonable under the relative circumstances of the respective parties." (See *Hearn*, *supra*, 94 Cal.App.5th at pp. 393-394; *In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 867.) This determination includes consideration of "the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately." (§ 2032, subd. (b); accord, *Bendetti, supra,* 214 Cal.App.4th at p. 868.) The determination also includes, "to the extent relevant," consideration of the factors enumerated in section 4320 for determining spousal support. (§ 2032, subd. (b); *In re Marriage of Falcone & Fyke, supra,* 203 Cal.App.4th at p. 975.) "[T]he record must reflect that the trial court considered the factors set forth in sections 2030 and 2032." (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1056; accord, *Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 242.)

"'"On appeal, we review an attorney fee award under section 2030 for an abuse of discretion."'" (*Hearn, supra,* 94 Cal.App.5th at p. 394; accord, *Bendetti, supra,* 214 Cal.App.4th at p. 868.) An attorneys' fees order "'"will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made."'" (*Hearn,* at p. 394; accord, *In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.)

B.    *The Family Court Did Not Abuse Its Discretion in Denying Izadpanahi's Request for Fees*

Izadpanahi makes two contentions on appeal.  First, regarding the $60,000 in previously incurred fees, he argues the family court failed to make the findings required by section 2030 when it denied the two prior RFO's, and therefore, the "motions were never truly litigated."  However, as the court correctly observed, Izadpanahi did not file a timely motion for reconsideration, nor did he appeal either order.[6]  Accordingly, regardless of whether the court complied with section 2030 by making express findings with respect to the first two RFO's, that is not a proper basis for challenging the denial of the third RFO.  Izadpanahi fails to provide any authority for his contention that he may relitigate orders that have become final.  (See *In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119 ["Because [husband] did not appeal from the immediately appealable pendente lite attorney fees orders . . . , those orders became final and binding upon him."].)

Further, Izadpanahi did not argue in the family court, and has not raised on appeal, that the court erred in finding his request for $60,000 in previously incurred fees was duplicative of his earlier requests, only asserting the court failed to make required findings.  Thus, he has forfeited any argument the requested fees were not duplicative.  (See *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [""When an appellant fails to raise a

---

[6]    The denial of a request for attorneys' fees pursuant to section 2030 is an appealable order.  (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1311.)

9

point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited].'"'"].)

Izadpanahi's second contention is that the family court failed to consider the request in his third RFO for $15,000 to cover "limited scope representation." But he includes only a single sentence in his appellate brief on this subject, stating simply, "[A]t first glance [the RFO] is not duplicative because it asks for pendente lite fees not previously sought of $15,000." Izadpanahi failed to make this argument in the family court, ignoring entirely his request in the RFO for $15,000. Moreover, he has not cited anything in the record to explain why the requested fees were reasonably necessary (or what they would be used for), nor has he presented any argument to support his position. This argument is likewise forfeited. (See *Lee v. Kim, supra,* 41 Cal.App.5th at p. 721.)

Even if Izadpanahi had not forfeited his contention the family court failed to make findings on his request for $15,000, he does not explain how the court's lack of explicit findings was prejudicial. "An appellant in a civil case establishes an error was prejudicial by showing there is 'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.'" (*In re Marriage of Morton, supra,* 27 Cal.App.5th at p. 1051 [family court's failure to make explicit findings pursuant to section 2030 was subject to harmless error analysis], quoting *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574.) As discussed, Izadpanahi has not cited anything in the record that would have allowed the court to conclude the requested $15,000 was reasonably necessary for him to present his case. Thus, he has not shown there is a reasonable probability the court would have reached a different result had it

10

made findings concerning its denial of Izadpanahi's request for $15,000 in attorneys' fees.

## DISPOSITION

The family court's order is affirmed.

FEUER, J.

We concur:

SEGAL, Acting P. J.

PULOS, J.*

---

* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.