Filed 1/26/26  Diashtiani v. Nikjuo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAHAR DIASHTIANI,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>KEVIN NIKJUO,<br><br>    Defendant and Respondent;<br><br>ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Intervener and Respondent. | G064770<br><br>(Super. Ct. No. 22D004677)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Matthew Reichman, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Sahar Diashtiani, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown and Nicolas P. Rossenblum, Deputy Attorneys General, for Intervenor and Respondent California Department of Child Support Services.

*     *     *

Sahar Diashtiani (mother) appeals from an order changing the child support obligation of Kevin Nikjuo (father) to $0 because father had full custody of the parties' minor child. Mother's appeal lacks merit, and we therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2022, mother filed a petition for dissolution of her marriage to father. They had been married about 13 years, and had one minor child, who was then six years old. In October 2022, the parties reached a parenting agreement, which the trial court implemented. The court also ordered father to pay the mortgage and homeowners association fees for the family home, and to pay mother $1,000 per month for temporary child support, for a total monthly support obligation of $4,500; the parties had stipulated to these amounts.

In April 2023, father filed a request for order (RFO) asking the court to reduce his child support payments due to a decline in his income, and mother's new self-employment status. The court terminated father's obligation to pay the mortgage and homeowners association fees, thereby reducing father's monthly support obligation to $1,000. The court also appointed a forensic expert to determine the value of father's business.

In June 2023, the Orange County Department of Child Support Services (OCDCSS) intervened in the action as a substituted payee for child support payments, based on its provision of support to the minor child.

2

On August 22, 2023, father requested a domestic violence restraining order against mother, which was granted. At that time, father was granted sole custody of the child.[1] OCDCSS filed a motion to decrease father's child support obligation to $0 based on the change in custody. The court temporarily reduced father's child support obligation to $0 after a contested hearing in January 2024. In September 2024, after a hearing, the court ordered child support would remain at $0 and found that there were no arrears due.

Mother filed a timely notice of appeal. Father has not appeared in this appeal. OCDCSS transferred its interest in the matter to the California Department of Child Support Services.

DISCUSSION

It does not appear from the appellate record that a judgment has been issued in this case. Therefore, the support order from which mother appeals is a temporary support order, which is appealable. (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; *In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 637.)

Child support awards are reviewed for abuse of discretion. (*In re Marriage of Lim & Carrasco* (2013) 214 Cal.App.4th 768, 774.)

Mother first challenges the trial court's order that father pay $0 to mother in child support because father has full custody of the minor child.

---

[1] Father's RFO stated that he had been awarded sole legal custody of the minor. All other documents in the appellate record state that father was awarded sole custody, without specification between legal and physical custody. Mother's briefing on appeal does not indicate the parents currently share custody of the minor. We presume the RFO was incorrect, and that father was granted sole physical and legal custody after the DVRO was issued against mother.

Mother claims this order "undermines California's policy that children share in both parents' resources." (Capitalization omitted.) We disagree.

If the minor child is living with father and father has 100 percent custody and timeshare, then the child *is benefitting* from father's higher means. Mother fails to provide any support for her argument that ordering father to pay child support to mother, with whom the child is not residing, would somehow benefit the minor child or better enable the parents to maintain the child's living standards.

In the situation where one parent has full custody or 100 percent timeshare, that parent will not be responsible for paying child support. The statutory scheme "presume[s] that a parent having primary physical responsibility for the children contributes a significant portion of available resources for the support of the children." (Fam. Code, § 4053, subd. (i).) Mother did not offer any admissible evidence that father's timeshare should be calculated at anything other than 100 percent. (See *DaSilva v. DaSilva* (2004) 119 Cal.App.4th 1030, 1034.)

In using the guideline formula (Fam. Code, § 4055), only the noncustodial parent may be ordered to pay child support to the full custodial parent; the formula does not permit the reverse. Therefore, under the current custodial situation, mother *benefits* from the $0 child support order, as she has not been ordered to pay any support to father.

Of course, if the custody situation changes, the child support order may also be modified.

Mother also seeks retroactive support for the period in which father has been paying her $0 in support. As explained *ante*, the trial court's order granting $0 child support was correct. Therefore, there are no grounds for ordering father to pay mother retroactively during that period.

4

## DISPOSITION

The order is affirmed. Intervener and Respondent California Department of Child Support Services  shall recover its costs on appeal.




                                    BANCROFT, J.*

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.