Opinion
 

 LILLIE, P. J.
 

 Timothy M. (M.) appeals from an order following a hearing on an order to show cause regarding child support and attorney fees and costs.
 
 [1]
 
 He contends the trial court erred in refusing to apply the conclusive presumption of paternity pursuant to Family Code section 7540 (Evid. Code, § 621) and finding him to be the biological father of Lindsay (the child).
 
 [2]
 

 Statement of Facts and Procedural History
 

 On November 26, 1988, knowing that Alicia R. (R.) was still legally married to another, Peter S. (S.) and R. entered into a marriage ceremony. When they married, R. moved from her residence in Malibu, California, to S.’s residence next door also in Malibu.
 

 
 *1235
 
 The child was conceived in approximately December 1989 and was born on September 22, 1990. S. was present at the hospital when the child was born and was named as the father on all hospital records. R. signed the child’s birth certificate, stating that S. was the father.
 

 In May 1992, the child was baptized; R. was identified as the mother and S. as the father. Their friends and family attended the baptism.
 

 On January 27, 1993, S. filed a proceeding for dissolution of his marriage to R. In his verified petition he identified the child as a child of the marriage.
 

 In early February 1993, or October 1992, R. told S. that he was not biologically related to the minor child. Prior thereto R. had by statements and conduct induced S. to believe he was the child’s father and the child knew S. as her father. After this announcement, R. and the child moved back into R.’s residence. S. continued to see the child but not as a parent.
 

 S. agreed to have a blood test to determine whether he was the child’s father and when it was established that he was not, he decided not to resist R.’s action to declare the marriage void and to an adjudication that there were no children of the marriage.
 

 A judgment of nullity was filed May 25, 1993, to the effect that the marriage between R. and S. was void
 
 ab initio.
 
 The court found that at the time of the parties’ marriage R. was married to another, which fact was known to S.; based upon a disputed parentage study conducted by Long Beach Genetics, which conducted both an HLA and a DNA test and which excluded S. as the biological father, S. was not the father of the child.
 

 R. had known M. since 1983 and they began having an affair in 1989. On August 12, 1993, she filed a complaint against M. to establish he was the biological father of the child and for child support. She also filed an order to show cause for child support, attorney fees and costs.
 

 M. filed an answer to the complaint denying he was parent of the child and asserted that pursuant to Evidence Code section 621, a man other than M. was the father of the child.
 

 At the hearing on the order to show cause, the court determined that it would be a travesty to employ the conclusive presumption of parentage as provided in Evidence Code section 621 and ordered the parties to take part in DNA tests.
 

 These tests established that M. was the biological father of the child and M., based on these results, admitted he was the child’s biological father. The
 
 *1236
 
 superior court so found and ordered M. to pay a contributive share of attorney fees of $2,500 to S.’s attorney and $9,500 to R.’s attorney. The court did not immediately impose a child support order noting it was confident an appeal would be taken and that any future award of child support would be retroactive.
 
 [3]
 

 In refusing to apply the conclusive presumption that the child was a child of the S./R. marriage, the court stated it had done a balancing test as it believed it was required to do under case and statutory law and cited
 
 County of Orange
 
 v.
 
 Leslie B.
 
 (1993) 14 Cal.App.4th 976 [17 Cal.Rptr.2d 797] as its authority.
 

 Discussion
 

 At all times relevant, Evidence Code former section 621 provided inter alia:
 

 “(a) Except as provided in subdivision (b), the issue of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be a child of the marriage.
 

 “(b) Notwithstanding subdivision (a), if the court finds that the conclusions of all the experts, as disclosed by the evidence based upon blood tests performed pursuant to Chapter 2 (commencing with Section 890) of Division 7, are that the husband is not the father of the child, the question of paternity of the husband shall be resolved accordingly.
 

 “(c) The notice of motion for blood tests under subdivision (b) may be filed not later than two years from the child’s date of birth by the husband, or for purposes of establishing paternity by the presumed father or the child through or by the child’s guardian ad litem.
 

 “(d) The notice of motion for blood tests under subdivision (b) may be filed by the mother of the child not later than two years from the child’s date of birth if the child’s biological father has filed an affidavit with the court acknowledging paternity of the child.”
 

 M. contends that R.’s action to establish paternity and the court-ordered blood tests occurred more than two years after the child’s birth and
 
 *1237
 
 that the child is, therefore, conclusively presumed to be a child of the S./R. marriage. We reject this contention.
 

 In
 
 County of Orange
 
 v.
 
 Leslie B., supra,
 
 14 Cal.App.4th 976, Leslie B. (B.) sought to defeat a paternity claim by invoking this conclusive presumption of parentage. Voluntary blood tests taken of all parties showed a 99.25 percent probability that B. was the natural father and conclusively showed that the husband was not. The trial court refused to apply the conclusive presumption of parentage. In affirming the trial court, the Fourth District court noted that although Evidence Code former section 621 was conclusive, other courts had refused to apply it when its underlying policies were not furthered by its application. Typically, the child had a presumed father and lived in a family unit where the husband and wife wished to raise the child as their own, and the presumption was designed to preserve the integrity of the family unit, to protect children from the legal and social stigma of illegitimacy, and to promote individual rather than state responsibility for child support. The court noted that the presumption was not designed, however, to allow a father to avoid responsibility for a child he fathered; it was not intended as a “financial prophylactic for men who have affairs with married women.”
 
 {Id.
 
 at p. 981.)
 

 The court observed that in
 
 In re Lisa R.
 
 (1975) 13 Cal.3d 636 [119 Cal.Rptr. 475, 532 P.2d 123, 90 A.L.R.3d 1017], the California Supreme Court had developed a balancing test to determine whether applying the presumption violated the due process rights of a putative father wishing to rebut it and that logic dictated that the same test should apply to determine whether
 
 not
 
 applying the presumption violated due process rights of the putative father. The Supreme Court determined in
 
 In re Lisa R.
 
 that a case-by-case weighing of competing state and private interests was required.
 
 {Id.
 
 at p. 648.)
 

 In refusing to apply the presumption, the court in
 
 Leslie B.
 
 noted that there was no marital union to disrupt as the mother and husband’s marriage had ended well before the child was bom. The court concluded that applying the presumption would lead to a ridiculous result, that the child would be “given” a father whom she knew was not her natural father to preserve the integrity of a family unit that never existed.
 
 {County of Orange
 
 v.
 
 Leslie B., supra,
 
 14 Cal.App.4th at p. 983.)
 

 The logic of
 
 Leslie B.
 
 and
 
 In re Lisa R.
 
 is equally applicable to the present case. Blood tests have established that M. is the child’s father and that S. is not. There has been a judgment of nullity of the “marriage” between R. and S. and a finding by the superior court that there were no children from their
 
 *1238
 
 union. R. no longer resides with S. and there is no longer a parent/child relationship between S. and the child. While the state has a legitimate interest in promoting marriage and not impugning a family unit, that interest cannot be served here where there is no marital union or family unit to disrupt. Additionally, the state’s interest in ensuring that the child is supported would be furthered by refusing to apply the presumption of Evidence Code former section 621 and requiring M. to support the child he fathered.
 

 We also agree with the observation of the trial court in
 
 Leslie B.,
 
 that if we were to apply the presumption in this case it would lead “to an absurd result that defies reason and common sense.”
 
 (County of Orange
 
 v.
 
 Leslie B., supra,
 
 14 Cal.App.4th at p. 983.) We would be relying “upon a fiction to establish a legal fact which we know to be untrue, in order to protect policies which in this case do not exist.”
 
 (Ibid.)
 

 Other cases have used the balancing test of
 
 In re Lisa R.
 
 and
 
 Leslie B.
 
 (See, e.g.,
 
 Comino
 
 v.
 
 Kelley
 
 (1994) 25 Cal.App.4th 678, 685 [30 Cal.Rptr.2d 728];
 
 In re Melissa G.
 
 (1989) 213 Cal.App.3d 1082, 1089 [261 Cal.Rptr. 894];
 
 Estate of Cornelious
 
 (1984) 35 Cal.3d 461 [198 Cal.Rptr. 543, 674 P.2d 245];
 
 Michelle W.
 
 v.
 
 Ronald W.
 
 (1985) 39 Cal.3d 354, 362 [216 Cal.Rptr. 748, 703 P.2d 88].)
 

 Order Regarding Attorney Fees
 

 We also reject the contention that the order regarding attorney fees was an abuse of discretion.
 

 In support of an award of attorney fees, R. declared in pertinent part that she is a flight attendant and earns approximately $1,900 gross per month, that she lives on a piece of property she owns in Malibu, that she receives some additional rent money from her mother who lives in a guest house on the property and from the rental of a trailer. R. declared that M. has a luxurious lifestyle on approximately 2 acres in Bel Air in a 3,500-square-foot house and that she is informed and believes that he earns more than $200,000 per year; he is a board-certified plastic surgeon and is on staff at both University of California, Los Angeles and the Veterans’ Administration Hospital, that he lectures frequently on behalf of University of California, Los Angeles and she is informed that he receives research grants. R. filed an income and expense declaration setting forth her gross income and net monthly disposable income and her estimate of M.’s gross yearly income.
 

 M. contends the trial court abused its discretion in awarding attorney fees because it made the award in the absence of any substantial evidence concerning the parties’ respective abilities and needs.
 

 
 *1239
 
 Family Code section 7640 provides that a court may order reasonable fees of counsel to be paid by the parties in proportions and at times determined by the court. Family Code section 270, operative at the time the court ordered attorney fees, provides that if a court orders a party to pay attorney fees or costs under this code, it shall first determine that the party has or is reasonably likely to have the ability to pay. The income and expense declaration and the declaration of R. reflect that M. was a plastic surgeon whose income exceeded $200,000. M. did not counter that evidence and did not argue otherwise at the hearing. The evidence before the court made it reasonably likely that M. would have the ability to pay the attorney fees awarded and there was no abuse of discretion in making the award of attorney fees.
 

 Disposition
 

 The order is affirmed.
 

 Johnson, J. and Woods (Fred), J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied January 19, 1995.
 

 [1]
 

 An award pendente lite of child support and attorney fees is appealable independent of a final judgment.
 
 (Carbone
 
 v.
 
 Superior Court
 
 (1941) 18 Cal.2d 768, 772 [117 P.2d 872, 136 A.L.R. 1260];
 
 In re Marriage of Skelley
 
 (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297.)
 

 [2]
 

 During the pendency of this matter, Evidence Code section 621 was repealed effective January 1, 1994, and replaced by Family Code sections 7540 and 7541 without substantive change. We will refer to the Evidence Code.
 

 Evidence Code former section 621 provided in relevant part that a child of a wife cohabiting with her husband who is not impotent or sterile is conclusively presumed the child of the marriage absent rebuttal by certain means within two years of the child’s birth.
 

 [3]
 

 Pursuant to California Rules of Court, rule 12, this court takes judicial notice of the stipulation entered into by the parties and filed in superior court on July 7, 1994, wherein M. agreed to pay to R. temporary child support for the child and the parties agreed that this appeal would be dispositive of the issue of paternity for all purposes in this proceeding.