Filed 8/7/14  Marriage of Parker and Carpenter CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of DARREN PARKER and NATALIE CARPENTER. | |
| DARREN PARKER, Appellant, v. NATALIE CARPENTER, Respondent. | A139315 (Marin County Super. Ct. No. FL1105350) |

Appellant Darren Parker appeals from an order in this dissolution action imputing a minimum wage earning capacity to him for purposes of calculating child support.  We affirm.

BACKGROUND

In 2011, Parker filed a petition to dissolve his marriage with respondent Natalie Carpenter.  The parties have one minor son.  In 2012, pursuant to a stipulation regarding certain issues, Carpenter was awarded sole physical custody of the minor with visitation rights awarded to Parker.  The stipulation did not include any provision for child support.

In 2013, Parker filed a request for, inter alia, joint physical custody and child support.  He submitted an income and expense declaration stating he has worked as a self-employed "craftsman, boat-builder" for over 20 years, with a current average

1

monthly income of $750.  Parker is an immigrant, who came to this country on a temporary visa and then remained after its expiration.  In a declaration accompanying his motion Parker stated, "Because of my immigration status I am unable to be an employee of an employer" but "I am optimistic that I will soon be able to begin making furniture to sell and that I'll be able to create a business that will support me and my son."  As Carpenter's monthly income was substantially higher than Parker's, Parker requested she pay him child support.

Carpenter argued the trial court should impute to Parker income of $65 per hour for at least 25 hours per week.  In support of this imputed income, Carpenter submitted a 2011 income and expense declaration signed by Parker, which stated he worked 40 hours per week and was paid $65 per hour.  The 2011 declaration also listed Parker's then-current average monthly income as zero, stating he had worked for over a year on Carpenter's house without compensation.

The trial court awarded Parker 15 percent physical custody of the minor.  The court imputed "a minimum wage earning capacity" to Parker that resulted in a guideline child support payment of $54 per month from Carpenter to Parker.  This appeal followed.[1]

## DISCUSSION

"California has implemented a 'statewide uniform guideline' for determining child support according to a complex algebraic formula based on the parents' incomes and custodial time with the child.  [Citation.]"  (*In re Marriage of Smith* (2001) 90 Cal.App.4th 74, 80-81 (*Smith*).)  Family Code section 4058, subdivision (b) "gives the court the discretion, in applying the guideline formula, to impute income to a parent based on his or her 'earning capacity,' in lieu of considering the parent's actual income."  (*Smith, supra,* at p. 81.)  Earning capacity is composed of " 'the ability to work, including

---

[1] Although the appealed order issued prior to final judgment, "[a]n award pendente lite of child support . . . is appealable independent of a final judgment.  [Citations.]"  (*Alicia R. v. Timothy M.* (1994) 29 Cal.App.4th 1232, 1234, fn. 1.)

such factors as age, occupation, skills, education, health, background, work experience and qualifications,' " and " 'an opportunity to work which means an employer who is willing to hire.' " (*Id.* at p. 82.) " 'If either element is not established, earning capacity cannot be substituted for actual income.' " (*Ibid.*) Parker does not dispute that he has the ability to work.

The "opportunity to work" element is established if there is a "substantial likelihood that a party could, with reasonable effort, apply his or her education, skills and training to produce income." (*In re Marriage of Cohn* (1998) 65 Cal.App.4th 923, 930.) "To rely on earning capacity in lieu of actual income '[t]he dispositive question is whether the evidence will sustain the inference that the party charged with support could, with reasonable effort, obtain employment generating the postulated (higher) income.' [Citation.]" (*Ibid.*) We review the trial court's order imputing income for abuse of discretion. (*In re Marriage of Destein* (2001) 91 Cal.App.4th 1385, 1393.)

Parker argues the trial court's imputation of income was an abuse of discretion because his immigration status precludes his opportunity to be employed at a minimum wage or any wage. But Parker's own evidence established that, at the time of the hearing, he was working despite his immigration status, earning approximately $750 per month. Moreover, he submitted no evidence that his immigration status prevents him from increasing his income as a self-employed carpenter. To the contrary, Parker submitted a declaration stating that circumstances other than his immigration status reduced his income in recent years but he intends to start a furniture-making business to increase his income. Thus, the evidence demonstrates that Parker's immigration status alone does not deprive him of the opportunity to work.[2]

---

[2] Although Parker cites to provisions of federal immigration law relating to the employment of unauthorized aliens, he does not dispute that unauthorized aliens routinely work in our state despite these laws. In addition, following our request for supplemental briefing on the subject, he expressly waived any argument that the imputation of income in this case is preempted by federal immigration law. Accordingly, we need not and do not discuss this issue.

Parker also contends no evidence supports the trial court's finding that he has the opportunity to work more than he currently is working. We disagree. In an income and expense declaration signed only 16 months before the challenged ruling, Parker estimated his own earning capacity at $65 per hour, 40 hours per week. The trial court could reasonably rely on this evidence to conclude Parker has the opportunity to work more than he was working at the time of the ruling, such that he could be earning a modest income equivalent to minimum wage employment. Parker's citation to *In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, which held previously earned income cannot be imputed solely on the ground that it was earned in the past, is inapposite, as the trial court here did not impute to Parker a monthly income based on full-time work at $65 per hour.

## DISPOSITION

The order is affirmed. Respondent shall recover her costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

4