Filed 5/24/21  Marriage of Mace CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of JOSHUA JOSEPH and AMANDA FIDEL MACE. | |
| JOSHUA JOSEPH MACE,  Appellant,  v.  AMANDA FIDEL MACE,  Respondent. | F078746  (Super. Ct. No. 16CEFL07109)  **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Francine Zepeda, Judge.

Joshua Joseph Mace, in pro. per., for Appellant.

R. Frank Butler for Respondent.

-ooOoo-

Appellant Joshua Joseph Mace (husband) filed a petition for dissolution of his marriage to Amanda Fidel Mace (wife), who filed a response to the petition.  The family court entered a judgment of dissolution of marriage (status only) after an uncontested

---

[*]      Before Levy, Acting P.J., Franson, J. and Peña, J.

proceeding.  After a bifurcated, contested hearing, the family court ruled on reserved issues, including child support and division of community property.  Husband filed this appeal from the trial court's post-trial ruling on the reserved issues.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

Husband and wife were married on December 2, 2009.  A son was born in 2010.  Husband and wife separated on November 21, 2016.  Husband filed a petition for dissolution of marriage in the Fresno County Superior Court on December 2, 2016.  After an uncontested hearing on April 25, 2018, a judgment of dissolution, as to marital status only, was entered on June 27, 2018.  The court reserved other issues, including the matters of child support and division of community property.

On October 10, 2018, the court held a contested hearing on the reserved issues, which included the matters of child support, division of community property (the family residence and family vehicles), allocation of debts (mainly tax liability) accrued during the marriage, the issue of wife's 5 percent interest in a pest control business (Miners Pest Services) operated by husband, and a request for attorneys' fees made by wife.

Husband and wife agreed they shared custody of their son on an equal or 50/50 basis.  Wife testified she had been in a serious car accident in December 2017 and suffered extensive injuries.  She suffered additional medical problems in September 2018.  Wife's injuries and medical problems had "[s]ubstantially" hampered her ability to work over the course of 2018, as she continued to have trouble sitting for long periods of time.  As for the pest control business, which was incorporated, husband and wife agreed husband was a 95 percent shareholder in the business and wife was a 5 percent shareholder.

On January 11, 2019, the court issued a written "Ruling after trial for division of community property; child support; attorneys' fees."  (Full capitalization omitted.)  On January 16, 2019, the court reissued its written ruling, having corrected a clerical error as

2.

to the address of the family residence referenced therein.  We will summarize the relevant parts of the ruling (the ruling refers to husband as petitioner and to wife as respondent).

Regarding the issue of the "**Division of Community Property**," the court ruled:

"The parties had previously divided most of the personal property of the parties.  At issue were three vehicles, the family residence, a large debt to the Internal Revenue Service (IRS), and a division of the business owned by petitioner.  The parties had [three] vehicles, a 2011 Toyota Tacoma truck which is paid off, a 2014 Tacoma truck which still has a balance and a 2014 Lexis [*sic*] which still has a balance.  All three vehicles are in the possession of petitioner.  Respondent has requested the 2011 vehicle which petitioner uses for work purposes.  Respondent has requested this vehicle as she does not have sufficient income at this time to make a monthly payment.  **The court will award the 2011 Toyota Tacoma to respondent. The other two vehicles will be awarded to petitioner, along with the debt thereto.**

"There was testimony about the business which petitioner runs known as Miner's Pest Control.  Trial testimony was that the petitioner owned and operated the business as his sole and separate property since prior to the marriage.  In 2013 the petitioner gave to respondent a five percent share of the business.  At trial there was no business valuation presented.  Petitioner had filed profit and loss statements as well as tax returns and inventory lists for the business.  Respondent testified that other business[es] had offered to buy the business, however, present[ed] no specific details nor information about the offers.  She testified that she believed the business to be worth about $150,000.  The petitioner testified that without him there was no business, consequently, no business value. However, the petitioner failed to place a value on 'the going concern value' of Miner's Pest Control.  This value would encompass a value of the book of business, the customer lists, the inventory and the good will which is part of any business.  Based on the profit and loss statements, as well as the tax returns presented, the court will place a value of $150,000 on the business. **The court will award to respondent the sum of $7,000 as her portion of the value of the business.**

"The parties purchased a residence at … N. Teilman Avenue, Fresno, CA 93711.  Petitioner has been residing in the home and would like to keep the home.  The fair market value of the home after the appraisal was $400,000.  The debt remaining on the mortgage is $262,000. Accordingly, should he wish to keep the home, petitioner would need to pay [respondent] the value of her interest in the property.  An equal division

3.

of the property has been placed on the propertizer.  After consideration of all the assets and debts, and the division of the property and the debt thereon, **petitioner owes respondent an equalizing payment of $45,250 total which includes the amount owed for the equity in the property**.”

Next, regarding the issue of “**Child Support**,” the court ruled:

“Child support was requested on June 21, 2017.  Child support from the date of filing on June 21, 2017, is $5.00 (five dollars) *payable from respondent to petitioner*, from July 2017 to February 2018.  A Dissomaster is attached for this period.  This amount will be deducted from arrears as set forth below.

“Child support changed in February 2018 due to the change in respondent’s income beginning in December 2017.  Child support *payable from petitioner to respondent* for this period is in the amount of $416 (four hundred and sixteen dollars).  A Dissomaster is attached for this period.  On-going child support is also in this amount until respondent is employed in another position.  *Petitioner can file a change once that occurs*.

“Arrears are in the amount of $4992.  Petitioner is given credit for the $35 respondent owes to him, and for two checks of $150 which respondent testified at trial [petitioner] gave her.  Total arrears are $4657.  Arrears are payable in the amount of $60 monthly, until paid in full.” (Italics added.)

Finally, the court summarized its order as follows:

“1.     Petitioner will be assigned the debt to the IRS in its entirety;

“2.     Respondent is awarded the 2011 Toyota Tacoma.  Petitioner to sign all necessary documents in order to effectuate said transfer within 10 days;

“3.     Petitioner is awarded the 2014 Toyota Tacoma and the 2014 Lexus IS250, along with the debt thereto;

“4.     Respondent is awarded the sum of $7,000 as her portion of the value of the business;

“5.     Petitioner is awarded the property located at … N. Teilman Avenue, Fresno, California 93711.  Petitioner is awarded the property based on his ability to pay the equalizing payment set forth below no later than May 1, 2019;

"6. Petitioner shall pay to respondent an equalizing payment in the amount of $45,250, as settlement of all the property issues set forth in this ruling. A propertizer is attached hereto which shows the amount of debt and asset[s] attributed to each party;

"7. Child support is set in the amount of $416, payable from petitioner to respondent. Child support is payable on the 1st and 20th of each month in the amount of $208;

"8. Total arrears for child support are $4667. Arrears are payable in the amount of $60 monthly, until paid in full.

"9. The court denies the request for attorneys' fees." (Boldface omitted.)

Neither party filed any type of objection to the trial court's ruling.

## DISCUSSION

Husband filed the instant appeal, challenging the family court's ruling. He raises multiple issues in the "Argument" section of his brief, grouped under three headings styled, in part, as Issue #1, Issue #2, and Issue #3. We affirm.

### Husband's "ISSUE #1"

The first issue in the "Argument" section encompasses a discussion of various unrelated points, making it difficult to decipher the precise error of which husband complains. (See *Landa v. Steinberg* (1932) 126 Cal.App. 324, 325 [litigants are required to "present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass"]; also see *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading."].) To the extent we can decipher husband's claim, it has no merit and, in any event, is forfeited for failure to object below. (*People v. Demetrulias* (2006) 39 Cal.4th 1, 20-21 [a party's failure to make a timely and specific objection on the ground raised on appeal makes the issue not cognizable on appeal.].)

Husband appears to argue the court did not consider wife's income and expense declaration and attached paystubs filed on July 24, 2018, which documents he asserts indicate that wife was working full time as of May 2018. We note that wife testified at trial that she suffered major injuries in a traffic accident in December 2017 and suffered additional medical issues in September 2018, all of which limited her ability to work; wife further testified that at the time of the trial in October 2018, she was still limited in terms of her ability to work. With regard to the income and expense declaration and fortnightly paystubs that husband points to, contrary to his characterization, the declaration states that wife was working very limited hours and the attached paystubs, while variable, reflect that wife worked less, generally far less, than a full time schedule of 40 hours per week. Furthermore, the income and expense declaration and paystubs only relate to a short period of a couple of months. Husband's contention that wife was working full time as of May 2018 is not supported by the record.

In any event, husband did not argue in the trial court that wife was working full time at any point after her traffic accident; nor did husband object on this basis to the trial court's child support ruling. Husband has therefore forfeited this claim. (See *In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1002 [holding that an appellant is foreclosed from challenging the computation of child support award on a basis not raised in the trial court, and further clarifying that failure to object to the trial court's child support ruling is "the most obvious type of implied waiver"]; *In re Marriage of Whealon* (1997) 53 Cal.App.4th 132, 144 ["For better or worse, California child support law now resembles determinate sentencing in the criminal law: The actual calculation required of the trial judge has been made so complicated … that, to conserve judicial resources, any errors must be brought to the trial court's attention at the trial level while the error can still be expeditiously corrected."]; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 826 [appellate courts will ordinarily not consider erroneous rulings where an objection was not raised below].)

6.

***Husband's "ISSUE #2"***

Husband next argues, under the heading "ISSUE #2," that wife failed to disclose various types of financial information, including "the income of her new husband" and "documents from [a] personal injury case" arising from her car accident. These contentions have no merit. Although the record indicates wife remarried at some point, there was no evidence presented at the underlying contested hearing to the effect that wife had remarried or when she remarried; nor has husband explained the relevance of the income of wife's new husband to the matters at issue at the hearing. Husband cites Family Code section 4057.5, but that statute explicitly provides that the income of the obligee parent's subsequent spouse ordinarily "shall not be considered" when determining child support. Similarly, there was no evidence presented to the effect that wife had received a settlement in a personal injury lawsuit (rather the record merely indicates wife had *initiated* a personal injury lawsuit).

Moreover, husband did not object in the trial court on any of the bases he now raises; nor did husband object on these grounds to the trial court's ruling. He has therefore forfeited these issues for purposes on appeal. (*In re Marriage of Hinman*, *supra*, 55 Cal.App.4th at p. 1002; *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc*. (2009) 171 Cal.App.4th 939, 948 ["'In order to preserve an issue for appeal, a party ordinarily must raise the objection in the trial court … [and] must cite to the record showing exactly where the objection was made.'"].)

Husband also intermixes, in the discussion under the heading "ISSUE #2," complaints about wife's lack of involvement in the family's pest control business and her failure to address Family Code section 4320 factors. However, Family Code section 4320 concerns spousal support, which was not at issue in this case.

***Husband's "ISSUE #3"***

Under the heading, "ISSUE #3," husband argues that wife and her attorney committed perjury as the income and expense declaration filed by wife on July 24, 2018

7.

is inconsistent with the paystubs attached thereto.  Husband has forfeited this issue for failure to object to the income and expense declaration in the trial court; "a party waives objections to an opposing party's income and expense declaration by failing to object below."  (*Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, 644-645 [rejecting position "that a court bears a sua sponte duty to uncover any omissions, inconsistencies, or falsehoods in the parties' income and expense declarations"]; *In re Marriage of Melton* (1994) 28 Cal.App.4th 931, 939-940 [same]; *Platzer v. Mammoth Mountain Ski Area* (2002) 104 Cal.App.4th 1253, 1260-1261 [evidentiary objection must be raised at trial]; *Alicia R. v. Timothy M*. (1994) 29 Cal.App.4th 1232, 1239 [attorney fees properly awarded to wife when husband failed to present evidence rebutting wife's declaration or to argue against it at hearing]; *In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 15 ["'[a]s a general rule, issues not properly raised at trial will not be considered on appeal'"].)

Husband further complains that wife committed perjury during a January 11, 2018 settlement conference hearing below, in failing to disclose a disability payment issued on January 9, 2018, as reflected in documents she subsequently filed along with an income and expense declaration, on March 1, 2018.  Wife noted at the settlement conference hearing that she had filed a disability claim and was waiting to hear back; the record does not indicate when wife received the disability payment, which was processed at approximately the same time as the settlement conference hearing.  Husband further complains that an income and expense declaration filed by wife on July 24, 2018 indicates she incurred auto and transportation expenses (gas, insurance, repairs, bus, etc.) of $560 per month, but her trial brief indicates she returned a vehicle requiring a car payment to husband.  Husband has not established whether and how the issues he complains about factored into the trial court's ruling or any prejudicial error committed by the court related to these issues.  Furthermore, since husband did not object on these bases in the trial court, he has forfeited his claims on appeal.

8.

Finally, husband argues that wife's trial testimony regarding the value of the pest control business lacked foundation.  Although the court expressed reservations about wife's testimony in this regard, husband did not object at trial on the grounds he now asserts.  In any event, the court's written ruling makes clear the court did not rely on wife's testimony in evaluating the value of the business.  Rather, in assessing the value of the business, the court expressly relied "on the profit and loss statements, as well as the tax returns presented" by husband with regard to the business.[1]

### Wife's Request for Attorney Fees

In her respondent's brief, wife contends she is entitled to her costs, including attorney fees incurred as a result of this appeal.  She cites Code of Civil Procedure section 128.5 as support.  Wife argues husband did not raise any legitimate issues and took this appeal in bad faith for the purpose of forcing her to incur additional attorney fees.

Code of Civil Procedure section 128.5, by its explicit terms, empowers a "trial court" to impose monetary sanctions, not an appellate court.  As a court of review, we are governed by Code of Civil Procedure section 907, which provides:  "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."  The standards for determining whether an appeal is frivolous are set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637.  An appeal may be found frivolous and attorney fees awarded when the appeal (1) "is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment," or (2) "indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit."  (*Id*. at p. 650.)  Generally, a requesting party makes this showing by filing a separate motion for

---

[1] Husband's October 2, 2019 and March 10, 2020 requests for judicial notice of miscellaneous documents, are DENIED as the documents at issue are not relevant to the resolution of this appeal.

sanctions, with supporting declaration, pursuant to California Rules of Court, rule 8.276. (See *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919 [request for sanctions made in respondent's brief denied].)  Here, wife's brief makes only a cursory argument for attorney fees.  The request for attorneys' fees is denied.

## DISPOSITION

The order of the family law court is affirmed.  Respondent (wife) is to recover her costs on appeal.