Filed 10/2/24  Marriage of Guglielmelli and Andreny CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re Marriage of DINO GUGLIELMELLI and MONICA ANDRENY. | B323549 <br><br> (Los Angeles County Super. Ct. No. BD554019) |
| DINO GUGLIELMELLI, <br><br> Appellant, <br><br> v. <br><br> MONICA ANDRENY, <br><br> Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Juhas, Judge.  Affirmed.

Dino Guglielmelli, in pro. per.; Pensanti & Associates and Louisa Belle Pensanti for Appellant.

Law Offices of Ronald M. Lebow and Ronald M. Lebow for Respondent.

Appellant Dino Guglielmelli appeals the trial court's judgment and various trial court orders in this family law matter. Guglielmelli contends he was denied discovery and his due process rights were repeatedly violated during the proceedings below, which spanned over a decade. Respondent Monica Andreny, Guglielmelli's former wife, contends the appeal is frivolous because Guglielmelli failed to file an appellant's appendix or support his arguments with proper citations to a record. We agree that Guglielmelli failed to provide an adequate record to review his contentions and therefore affirm the judgment. Although Andreny urges this court to impose sanctions on Guglielmelli, she did not file a motion or supporting declaration. Accordingly, we deny her request.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

Guglielmelli and Andreny married in 2004 and had two children together. They separated on November 2, 2011. In October 2012, the parties entered into a stipulated order for family support, pursuant to which Guglielmelli was obligated to pay $55,000 a month in family support.

In December 2013, Guglielmelli was charged with attempted murder and solicitation to commit murder. The record indicates Andreny was the intended victim. In June 2014, Guglielmelli pleaded no contest to attempted murder and was sentenced to nine years in state prison. He was released in 2019.

---

[1]     In the absence of a clerk's transcript or appellant's appendix, we take our facts exclusively from the respondent's appendix and reporter's transcript.

2

Between 2014 and 2015, the parties, through their attorneys, entered into various stipulations concerning the disposition of property, custody and visitation, and the sale of the family residence. Among other things, the parties agreed Andreny would have sole physical and legal custody of the minor children, Guglielmelli would have no visitation rights, and Andreny could take certain actions to effectuate the sale of the family residence. However, according to Andreny's trial testimony, the family residence was foreclosed on before she could effectuate a sale.

In 2016, the trial court held an evidentiary hearing on Guglielmelli's request for an order reducing family support, filed in February 2013. In its August 30, 2016 ruling, the trial court denied the request and concluded Guglielmelli was in arrears in the amount of $1,223,000.

In July 2020, the trial court heard Guglielmelli's request for an order regarding child visitation. The court declined to exercise jurisdiction over the children, who no longer lived in California and had not seen Guglielmelli since his arrest, and denied the request.

In June 2022, the trial court presided over a trial to address Guglielmelli's future child support obligations and his claims of breach of fiduciary duty, waste, and fraud against Andreny in connection with her handling of various properties. Guglielmelli also requested that he be able to communicate with the children. Based on the prior 2020 order, the trial court concluded it lacked jurisdiction and could issue no orders concerning child custody or visitation. The trial court determined the amounts each party owed the community and found there was "no evidence at all except speculation" to support

Guglielmelli's claims of fiduciary duty, waste, and fraud against Andreny.

Judgment was entered dissolving Guglielmelli and Andreny's marriage. Guglielmelli appealed the judgment and the order dated August 30, 2016.

## DISCUSSION

### I. Guglielmelli Failed to Provide an Adequate Record and Therefore Forfeits His Arguments on Appeal

Guglielmelli contends "[t]he trial court abused its discretion and violated [his] due process rights for all contested issues of the divorce at numerous times throughout the eleven-year dissolution proceedings," particularly during the period in which he was incarcerated. Among other things, Guglielmelli contends he did not receive proper notice of hearings, was denied the opportunity to conduct discovery, and the court entered as orders stipulations signed by his attorney without his knowledge and consent.[2] The record on appeal is insufficient for us to meaningfully review these claims. We therefore affirm.

---

[2] Although the 2016 support order is the only order specifically identified in the notice of appeal, Guglielmelli's brief challenges numerous trial court orders. To the extent he purports to challenge orders that were independently appealable (see *Alicia R. v. Timothy M.* (1994) 29 Cal.App.4th 1232, 1234, fn. 1 ["award pendente lite of child support and attorney fees is appealable independent of a final judgment"]), his challenges are untimely and we lack jurisdiction to consider them. (See *In re Marriage of Padilla* (1995) 38 Cal.App.4th 1212, 1216 [court lacked jurisdiction to review denial of father's first request to reduce child support after he failed to appeal]; see also *In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 639 [trial court exceeded its jurisdiction in retroactively modifying support order,

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

Pursuant to the California Rules of Court, rule 8.120(a)(1), "the record on an appeal in a civil case must contain . . . [¶] . . . [¶] [a] record of the written documents from the superior court proceedings" in one of several forms, including a clerk's transcript or appendix. Guglielmelli has provided no such record in this appeal. In his designation of record form, Guglielmelli indicated that he would file an appellant's appendix under

which was "final and not subject to collateral attack" after husband failed to appeal].)

5

California Rules of Court, rule 8.124.[3]  Although Guglielmelli refers to exhibits to an appendix in his opening brief (the only brief he timely submitted), no appendix appears in the record. Instead, Guglielmelli includes a list of trial court documents at the end of his brief with the heading "Appendix."  Guglielmelli also cites exhibits to a "RR" and a "CR," terms he does not define, and to a "CT," although he did not designate a clerk's transcript. No documents by these names appear in the record.  Guglielmelli has not provided a record of any of the trial court filings, minute orders, or other documents from the proceedings below.

The California Rules of Court further provide that a brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  " 'It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.'  [Citations.]  If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived."  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

Even if an appellant's appendix, clerk's transcript, "RR," or "CR" were in the appellate record, almost every one of

---

[3]  Although Guglielmelli checked the box selecting an appellant's appendix in the form, he listed documents and exhibits to be included in the clerk's transcript, including attachments.  He also provided an attachment listing additional proceedings for which reporter's transcripts were requested, yet failed to check the box indicating that he was providing additional pages.  His counsel made no attempt to augment the record to include these materials.

Guglielmelli's citations would be inadequate, as they make no reference to volume or page number.[4]  Only a few exhibits are described by title or date and may be identified in the respondent's appendix on that basis.  The "RR" exhibits are referred to by number only and, to the extent they were included in the respondent's appendix, are impossible to identify.  Guglielmelli also failed to timely submit a reply brief correlating any record citations in his brief to the respondent's appendix.  In Guglielmelli's opening brief, several factual statements are simply followed by the notation: "(Cite)."  The entire argument section is devoid of record citations.  This provides an independent basis to reject Guglielmelli's contentions as unfounded.  (See *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8 [record citations in factual background could not cure absence of citations in argument portion of brief, as "courts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted"].)

Although Guglielmelli purports to challenge numerous trial court orders, the only reporter's transcripts in the record are the February 2013 hearing on a restraining order, the June 2022 trial, and a November 2022 motion for reconsideration filed by Andreny after Guglielmelli filed his notice of appeal.  His brief contains no citations to a reporter's transcript or "RT."  The "CT" citations, which are described by date alone, appear to be citations to the reporter's transcript.  Yet, the transcript for the date cited is approximately 160 pages and Guglielmelli's citations

---

[4]    There is a single reference to a "CT" that includes volume and page number.  In the absence of a clerk's transcript, this citation is of no assistance.

do not include page numbers. " ' "[T]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment." [Citations.] It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.]' " (*Centex Homes v. St. Paul Fire & Marine Ins. Co.* (2018) 19 Cal.App.5th 789, 797.)

Without the relevant documents from the trial court proceedings, reporter's transcripts of relevant hearings, or adequate citations to the few portions of the record we do have, Guglielmelli's contentions are entirely unsupported, and it is impossible for us to meaningfully review his arguments. Guglielmelli has forfeited his claims of error.

## II. Andreny's Request for Sanctions Is Denied

In her respondent's brief, Andreny urges the court to impose sanctions on Guglielmelli for his failure to provide an adequate record and his misrepresentations of facts of the case. Andreny failed to file a motion supported with a declaration establishing the amount of any sanctions sought. (Cal. Rules of Court, rule 8.276(b).) Her failure to comply with these procedural requirements is reason alone to deny the request. (*Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 858; see also *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919 ["Sanctions cannot be sought in the respondent's brief"].)

**DISPOSITION**

The judgment is affirmed. Andreny's request for sanctions is procedurally inadequate and is therefore denied. Andreny is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

BERSHON, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9