Filed 6/5/25  Marriage of Hernandez and Mendez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of MARIA LUISA
HERNANDEZ AND FAUSTINO
AGUILERA MENDEZ

MARIA LUISA HERNANDEZ,

     Respondent,

v.

FAUSTINO AGUILERA MENDEZ,

     Appellant.

E082778

(Super.Ct.No. FLIN2202002)

OPINION

APPEAL from the Superior Court of Riverside County.  Mickie E. Reed,

Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Sobero Law Office and Alberto Sobero for Appellant.

Maria Luisa Hernandez, in pro. per., for Respondent.

In this dissolution proceeding, Faustino Aguilera Mendez challenges a trial court order awarding Maria Luisa Hernandez child support and temporary spousal support. He also contends that the trial court abused its discretion by not granting Hernandez's request to set the matter for an evidentiary hearing under Family Code section 217 (unlabeled statutory references are to this code). We affirm.

BACKGROUND

In August 2022, Hernandez petitioned for dissolution of her marriage to Mendez. Hernandez and Mendez have one minor daughter, who was 15 years old in September 2023 and lives with Hernandez. The parties entered a stipulation on the issues of child custody and visitation in March 2023, but they did not agree about spousal support or child support.

At a hearing held on October 30, 2023, the trial court considered those outstanding issues. Both parties appeared at the hearing and were sworn in. In addition, both parties filed current income and expense declarations on Judicial Council form FL-150. Hernandez filed hers in mid-September 2023, and Mendez filed his several days before the hearing. The only evidence provided to the court that is included in the record on appeal is those income and expense declarations. Hernandez's is accompanied by several recent paystubs, and Mendez's is accompanied by a copy of a schedule C (profit or loss from business) form (schedule C form) from his individual 2022 federal income tax return, apparently documenting his trucking business's profits and losses. The record on

appeal does not contain the remainder of Mendez's 2022 tax return or any previous filings in the case.

In Hernandez's income and expense declaration, she attested that she last filed a federal income tax return for the year 2021, when she and Mendez filed as a married couple. Hernandez estimated that Mendez's gross monthly income was $30,000. She based her estimate on her knowledge that Mendez "drives our 2 freight trucks" and on "bank statements and broker statements" that she had seen. Hernandez worked 40 hours per week in janitorial services, earning $16.54 per hour. She lives with the couple's minor daughter and with two adult children who are unrelated to Mendez and who pay some household expenses.

In Mendez's income and expense declaration, he indicated that he lived with his girlfriend, their infant son, and his girlfriend's two daughters. He stated that he was self-employed and earned an average monthly income of $3,183. The income came from Aguilera Express, a trucking business that he owned. Judicial Council form FL-150 directs self-employed declarants to "[a]ttach a profit and loss statement for the last two years or a Schedule C from your last federal tax return. . . . If you have more than one business, provide the information above for each of your businesses." Mendez last filed taxes for 2022. He attached a copy of the schedule C form for Aguilera Express from that tax return to the income and expense declaration. The form states that Aguilera Express made $38,200 in gross receipts or sales for the year and had an annual profit of $21,450.

At the hearing, Hernandez's counsel objected to receiving Mendez's most recent income and expense declaration just two hours before the hearing (counsel was out of town when it was filed) and said that she could not proceed. She requested a continuance, arguing that "if we were going to have a hearing, it probably should be a [section] 217 evidentiary hearing." Mendez's counsel objected, arguing that the court "should be able to make an order today with what we have." The court denied the request, reasoning that the matter had been pending for over one year and that a trial could be held later.

Regarding the amount of support, the parties argued extensively about Mendez's income, referring to the following evidence in addition to the current income and expense declarations: the couple's 2021 tax return, the 2022 schedule C form for Aguilera Express, a March 2023 income and expense declaration filed by Mendez, a declaration by one of Hernandez's attorney's with exhibits showing about $45,000 worth of deposits into Mendez's credit union account in January 2023, and a declaration filed by another person whose connection to the case was not identified. Hernandez's counsel proffered that in Mendez's March 2023 income and expense declaration he said that he owned M & F Trucking LLC, with a schedule C form attached documenting $558,000. Counsel did not clarify if that represented gross sales and receipts or profits. Hernandez's counsel added that Hernandez would testify that Mendez "put in over $40,000 a month, which is consistent is [*sic*] with 558,000." Hernandez's counsel argued that the 2022 schedule C form provided by Mendez was incomplete, explaining that "he's previously given us two

4

Schedule Cs" and "he transferred the business—the marital business, M and F Transport, into two businesses. And on the Income and Expense Declaration filed Friday, he only included one." It appears from the parties' arguments that either the couple's entire 2021 federal tax return or two schedule C forms filed with that return were attached to Mendez's March income and expense declaration. The court confirmed that it had read Mendez's earlier-filed income and expense declaration.

The court concluded that "the 2021 income tax return is probably the best evidence." Considering the 2021 "tax return alone," the court calculated Mendez's monthly income as $21,785 by adding in meals, depreciation, utilities, $5,000 for his cell phone, and contract labor because "he's just one person driving." The court asked Mendez if he paid any contract laborers or workers in 2021, and Mendez responded, "Just myself." In addition, the court "put in half a hardship deduction" to account for Mendez's newborn child.

The court ordered Mendez to pay Hernandez $2,431 in temporary monthly spousal support and $2,079 in monthly child support. The court ordered both awards retroactive to October 1, 2022.

## DISCUSSION

I.  *Temporary spousal support and child support*

Mendez makes numerous arguments challenging the trial court's reliance on the couple's 2021 tax return in determining his income for purposes of calculating temporary

5

spousal support and child support. He also contends that the orders are not supported by substantial evidence. We are not persuaded.[1]

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant bears the burden of demonstrating, "on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) It is the appellant's burden to provide an adequate record on appeal. (*Ibid.*) The failure to provide an adequate record on an issue requires that the issue be resolved against the appellant. (*Ibid.*)

California has a strong public policy favoring "'adequate child support,'" which is embodied in the codified statewide uniform guideline. (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 640; see also §§ 4050-4076.) One of the principles implemented by the guideline is that every "parent should pay for the support of the children according to the parent's ability." (§ 4053, subd. (d).) The trial court is required to adhere to the statutory guidelines to calculate child support, subject to certain exceptions that are inapplicable here. (*Sorge*, at pp. 640-641.) The guideline amount of support is calculated by applying a mathematical formula to the parents' incomes and is presumptively correct.

---

[1]     Hernandez, representing herself on appeal, contends that the orders are not appealable, because the court reserved jurisdiction over the issues of support. That is incorrect. Temporary spousal support and child support orders are appealable. (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 367-370.)

(*Id.* at p. 641; see also § 4055)  It is therefore necessary to establish both parents' incomes to apply the guidelines.  (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1446 (*County of Orange*); see also §§ 4058, 4059 [statutory framework for ascertaining a parent's gross and net income].)

"The trial court has statutory authority to order temporary spousal support while a marital action is pending.  (§ 3600.)"  (*In re Marriage of Blazer* (2009) 176 Cal.App.4th 1438, 1442 (*Blazer*).)  Temporary support is intended to maintain the status quo ante and therefore is usually set higher than permanent support.  (*Ibid.*)  "The trial court has broad discretion to determine the amount of temporary spousal support, considering both the supported spouse's need for support and the supporting spouse's ability to pay."  (*Ibid.*)

We review for abuse of discretion awards of temporary spousal support and child support.  (*Blazer*, *supra*, 176 Cal.App.4th at p. 1443; *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282.)  In reviewing a child support award, we "'recognize that determination of a child support obligation is a highly regulated area of the law, and the only discretion a trial court possesses is the discretion provided by statute or rule.'" (*Cheriton*, at p. 283.)  As to both awards, so "'long as the court exercised its discretion along legal lines, its decision will be affirmed on appeal if there is substantial evidence to support it.'"  (*Blazer*, at p. 1443; *In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1360.)  Applying the substantial evidence standard, we analyze whether there is any evidence, contradicted or uncontradicted, to support the finding.  (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 470.)  We resolve all conflicts in favor of

7

the prevailing party, examine the evidence in the light most favorable to that party, and "'give that party the benefit of every reasonable inference.'" (*Ibid.*) "We do 'not reweigh the evidence, evaluate the credibility of witnesses or indulge in inferences contrary to the findings of the trial court.'" (*Ibid.*)

Mendez raises numerous challenges to the trial court's award of temporary spousal support and child support. None of them has merit.

First, Mendez contends that the presumption of correctness that generally applies to tax returns should not apply to the couple's 2021 tax return, because he is self-employed. But he also contends that the trial court should have relied on and presumed the correctness of schedule C from his 2022 tax return. Both of Mendez's contentions are contrary to governing law.

"'A parent's gross income, as stated under penalty of perjury on recent tax returns, should be presumptively correct. [Citation.] Returns are, after all, ultimately enforced by federal and state criminal penalties. Hence it is not surprising that tax returns are the core component of determinations under the guideline formula.'" (*County of Orange*, *supra*, 132 Cal.App.4th at p. 1446, quoting *In re Marriage of Loh* (2001) 93 Cal.App.4th 325, 332.) However, that presumption "does not apply to tax returns of a self-employed parent like [Mendez], who controls how income is reported and is responsible for distinguishing between personal expenses and business expenses that would reduce available income for child support." (*Swan v. Hatchett* (2023) 92 Cal.App.5th 1206, 1215; see also *In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 540-541, 544-545.)

8

The trial court followed those rules:  It disregarded schedule C from Mendez's individual 2022 tax return and instead found that the joint tax return filed by the couple in 2021 provided the best evidence of Mendez's income.  Assuming for the sake of argument that Mendez was self-employed in 2021 (the record on appeal contains no evidence of his employment status then), he had no incentive at that time to craft his return in a manner that would minimize liability for child support and spousal support, because Hernandez had not yet petitioned for dissolution.  Thus, the trial court correctly applied the presumption of correctness to the couple's earlier tax return and correctly declined to apply it to schedule C of the tax return that Mendez filed as an individual after Hernandez petitioned for dissolution.

Second, Mendez contends that the trial court erred by relying on the earlier tax return because a spousal support order must be based on the circumstances existing when the order is issued.  The argument lacks merit.  When a court initially fixes the amount of child and spousal support, as it did here, the court "is required to use past income figures to project likely future income.  Because no court has a crystal ball, it must rely on past income data to project future income, and income tax returns usually are the most reliable source."  (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 105.)  Moreover, the trial court could reasonably infer for the reasons we have explained that the 2021 tax return provided the best evidence of Mendez's current income.  Moreover, the trial court's determination was supported by Hernandez's current income and expense declaration, in

9

which she estimated that Mendez made $30,000 per month based in part on her knowledge of certain bank and broker statements.

Third, Mendez challenges the sufficiency of the evidence supporting the awards, but he has failed to provide an adequate record. At the hearing, the parties and the trial court referred to evidence that is not included in the record on appeal, including the couple's 2021 tax return and Mendez's March 2023 income and expense declaration. By not including the evidence that the court relied on in the record on appeal, Mendez has failed to carry his burden of providing an adequate record to facilitate review of the issue. (*Jameson*, *supra*, 5 Cal.5th at p. 609.) We accordingly must resolve the issue against him. (*Ibid.*)

In any event, even the inadequate record before us contains sufficient evidence to support the trial court's finding. Hernandez estimated in her current income and expense declaration that Mendez's gross income was $30,000 per month, based on her knowledge of bank and broker statements. That constitutes sufficient evidence to support the trial court's determination that Mendez's monthly income was $21,785 after taking various deductions. (See *In re Marriage of McQuoid* (1991) 9 Cal.App.4th 1353, 1359 ["Income and expense declarations standing alone without oral testimony are a sufficient basis for an order" of child support].)

Mendez's argument to the contrary is that the trial court should have based its decision on Mendez's more recent income and expense declaration, finding it to be more credible than all other evidence. The argument fails. First, in analyzing the sufficiency

of the evidence, we do not reweigh the evidence or reassess credibility. (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531.) Second, "[t]he fact that there was substantial evidence in the record to support a contrary finding does not compel the conclusion that there was no substantial evidence to support the judgment." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.)

II.    *Evidentiary hearing*

Mendez argues that the trial court abused its discretion by failing to hold an evidentiary hearing under section 217. The argument is barred by the doctrine of invited error.

"Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212; *Transport Ins. Co. v. TIG Ins. Co.* (2012) 202 Cal.App.4th 984, 1000.)

 At the hearing, Hernandez's counsel requested that the court continue the support hearing in order to hold an evidentiary hearing under section 217, because Mendez filed his income and expense declaration so late. The court denied the request. Mendez's counsel objected to continuing the support hearing for that purpose, telling the court: "You should be able to make an order today with what we have." Thus, Mendez invited the court to rule on the issues of support based on the evidence already provided, which is exactly what the court did. Having invited that result, Mendez cannot now complain that the trial court erred by failing to hold an evidentiary hearing under section 217.

11

DISPOSITION

The trial court's October 30, 2023, order directing Mendez to pay Hernandez $2,431 in temporary monthly spousal support and $2,079 in monthly child support is affirmed.  Hernandez shall recover her costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

McKINSTER

Acting P. J.

CODRINGTON

J.